

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00042-CV
_____

JOHN WAYNE CHARLESTON, Appellant

V.

CLINT ALLEN, CRIMINAL DISTRICT ATTORNEY OF CASS COUNTY, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 11-C-101

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

John Wayne Charleston appeals the trial court's final judgment dismissing his lawsuit against Clint Allen in his official capacity as District Attorney of Cass County. Charleston sued Allen, alleging a violation of the Due Process Clause of the United States Constitution and a violation of the Due Course of Law Clause of the Texas Constitution due to Allen's (and his predecessor's) alleged failure to disclose exculpatory information. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. When Charleston was convicted of aggravated robbery in 1999 and sentenced to thirty-five years in prison, his attorney had requested disclosure of an audio recording of the 9-1-1 call during which the police were provided with information that ultimately resulted in Charleston's arrest.[1] Charleston alleged conflicting evidence was introduced at trial concerning who made the 9-1-1 call. Charleston alleged the allegations constituted a *Brady*[2] violation and vaguely requested relief of some form, including an ambiguous request for injunctive relief. Allen filed an answer denying the allegations and alleging he was entitled to qualified, official, and/or absolute immunity.

After some discovery had been conducted, Charleston filed a motion for summary judgment. Allen filed a motion to dismiss based on Charleston's failure to follow the procedures for civil litigation by an inmate and alleging the suit, as an inmate lawsuit, should be dismissed as frivolous. Allen alleged the lawsuit was frivolous because he was entitled to absolute immunity. Additionally, Allen filed a combination no evidence and traditional motion for

---

[1]The State filed, in the 1999 trial, the following response: "The State does not have an audio 911 tape of the incident in question."

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

summary judgment arguing there was no evidence the recording was exculpatory and arguing it is no longer in the possession of his office or in the possession of various county offices who aid his office in criminal prosecutions.

The trial court[3] denied Charleston's motion for summary judgment, partially granted Allen's motion to dismiss,[4] and granted Allen's motion for summary judgment. Charleston appeals, alleging that the trial court erred in denying his motion for summary judgment, erred in granting Allen absolute immunity, and erred in denying the request for injunctive relief.

**The Trial Court Correctly Dismissed any Claims for Monetary Damages**

Under Chapter 14 of the Texas Civil Practice and Remedies Code, a trial court may dismiss an inmate's lawsuit if it finds "the claim is frivolous or malicious." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In assessing whether a suit is frivolous or malicious, a trial court may consider various factors, including whether the claim's realistic chance of ultimate success is slight and whether the claim has no arguable basis in law or in fact. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). We review the trial court's decision

---

[3]The Honorable Ralph Burgess, the presiding judge of the 5th Judicial District Court, recused because he had previously represented Charleston.

[4]We note that Allen cites the standard of review for an inmate lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code and argues the claims are "clearly frivolous." *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002 & Supp. 2012). Allen's motion to dismiss argued (1) Charleston failed to comply with the procedural requirements of Chapter 14, including the failure to file an affidavit of previous lawsuits, and (2) Charleston's lawsuit was clearly frivolous under Chapter 14 due to the application of absolute immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.004, 14.010 (West 2002 & Supp. 2012). The trial court, though, only granted "Defendant's Motion to Dismiss based upon prosecutorial and absolute immunity." Because we conclude the trial court's rulings were correct, it is not necessary for us to determine whether Allen's brief assigns, for appellate review, any error in failing to dismiss based on Charleston's failure to comply with the procedural requirements of Chapter 14.

for an abuse of discretion. *Smith v. Tex. Dep't of Criminal Justice-Inst. Div.*, 33 S.W.3d 338, 339 (Tex. App.—Texarkana 2000, pet. denied).

It is well established that prosecutors are entitled to derived judicial immunity, also known as absolute immunity, for actions "intimately associated with the judicial phase of the criminal process." *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (recognizing absolute immunity to suits under 42 U.S.C. § 1983); *Charleston v. Pate*, 194 S.W.3d 89, 91 (Tex. App.— Texarkana 2006, no pet.); *Hawkins v. Walvoord*, 25 S.W.3d 882, 892 (Tex. App.—El Paso 2000, pet. denied) ("A prosecutor's absolute immunity extends to activities intimately associated with the judicial phase of the criminal process."). Absolute immunity provides immunity from suit— not just liability. *Imbler*, 424 U.S. at 430. Further, absolute immunity provides protection from civil liability even if the prosecutor acts maliciously. *Id*. at 430.

We note, though, that absolute immunity does not apply to acts that are not intimately associated with the judicial phase of the criminal process. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 496 (1991) (prosecutor only entitled to qualified immunity[5] for providing legal advice to police); *Oden v. Reader*, 935 S.W.2d 470, 476 (Tex. App.—Tyler 1996, no writ) (prosecutor entitled only to qualified immunity in making statements to press).

---

[5]Under the federal standards for qualified immunity, a prosecutor would be "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (recognizing objective standard applicable under 42 U.S.C. § 1983 and suits under United States Constitution); *see Ballantyne v. Champion Builders, Inc*., 144 S.W.3d 417, 427 n.3 (Tex. 2004) (noting similarity of qualified immunity and official immunity); *cf. City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994) (Under Texas common law, official immunity provides government officials "immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority.").

Charleston has not provided us with any Texas authority on whether a *Brady* violation is considered intimately associated with the judicial phase of the criminal process,[6] and we are not aware of any. The federal courts, though, uniformly agree that prosecutors are entitled to absolute immunity for alleged *Brady* violations.[7] We agree, under the functional approach of *Imbler*, that a *Brady* violation is intimately associated with the judicial phase of the criminal process. We conclude the violations alleged here are advocacy functions. To the extent that Charleston's petition seeks civil damages, Allen has absolute immunity from suit. The trial court did not abuse its discretion in dismissing the lawsuit as frivolous.

---

[6]We note that Charleston cites *Houston v. Partee*, 978 F.2d 362 (7th Cir. 1992), which found that prosecutors were acting in an investigative capacity when they acquired exculpatory evidence after the defendants had been convicted. The Seventh Circuit concluded the prosecutors, under these circumstances, were only entitled to qualified immunity. *Id*. at 368. We decline to follow *Houston*. First, Texas is located in the Fifth Circuit, not the Seventh Circuit. Second, opinions of the federal circuits are not binding on state courts. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) (Texas appellate courts "obligated to follow only higher Texas courts and the United States Supreme Court"). Last, *Houston* is factually distinguishable from this case. Charleston alleges that the Cass County prosecutors possessed the exculpatory information at the time of his trial. As noted below, the Seventh Circuit has held prosecutors are entitled to absolute immunity for the failure to disclose exculpatory information obtained in connection with a criminal prosecution. *See Fields v. Wharrie*, 672 F.3d 505, 511 (7th Cir. 2012). *Houston*'s holding is limited to situations in which exculpatory information is not obtained until after the criminal prosecution has concluded. These are not the factual circumstances with which we are presented in this case. Because *Houston* is clearly distinguishable, it is not necessary for this Court to decide whether we agree with the Seventh Circuit's opinion in *Houston*.

[7]*Fields*, 672 F.3d at 513; *Koubriti v. Convertino*, 593 F.3d 459, 470 (6th Cir. 2010); *Warney v. Monroe County*, 587 F.3d 113, 125 (2d Cir. 2009); *Porter v. White*, 483 F.3d 1294, 1305 n.8 (11th Cir. 2007); *Villasana v. Wilhoit*, 368 F.3d 976, 980 (8th Cir. 2004); *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003); *Reid v. New Hampshire*, 56 F.3d 332, 337 (1st Cir. 1995); *Carter v. Burch*, 34 F.3d 257, 262 (4th Cir. 1994). We are not aware of any opinions from the Third or the Tenth Circuits on whether a *Brady* violation is intimately associated with the judicial phase.

5

**Allen Was Entitled to Summary Judgment on the Injunctive Relief**

Charleston alternatively argues that he is entitled to injunctive[8] relief. In his petition, Charleston states: "Complainant request for an Injunction Relief to obtain access to such evidence." As correctly argued by Charleston on appeal and to the trial court, absolute immunity does not protect a prosecutor from injunctive relief.[9] *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719, 736–37 (1980); *Reyna v. City of Weslaco*, 944 S.W.2d 657, 661 (Tex. App.—Corpus Christi 1997, no writ); *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981). However, Allen was entitled to summary judgment on the injunctive relief.

Allen sought a traditional summary judgment alleging there were no genuine issues of material fact concerning whether his office, or any agency that assists his office, has possession of the alleged audio recording. To prevail on a traditional motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). The defendant must conclusively negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish

---

[8]Although an injunction, intended to preserve the status quo, normally prohibits a person from acting in a certain fashion, an injunction can compel the taking of action. *See, e.g.*, *Iranian Muslim Org. v. San Antonio*, 615 S.W.2d 202, 204 (Tex. 1981) (student association entitled to injunction requiring city to issue permits); *RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("A prohibitive injunction forbids conduct, whereas a mandatory injunction requires it.").

[9]We note that 42 U.S.C. § 1983 prohibits injunctive relief against judges acting in their judicial capacity unless the judge has violated declaratory relief. *See* 42 U.S.C. § 1983 (LEXIS through 2012) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Kennedy v. Staples*, 336 S.W.3d 745, 752 (Tex. App.—Texarkana 2011, no pet.); *see also Leclerc v. Webb*, 270 F.Supp.2d 779, 792 (E.D. La. 2003) (injunctive relief available when judge not acting in judicial capacity).

each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997).

Allen presented summary judgment evidence that if such a tape exists, it is no longer in the possession of his office or other Cass County offices that aid in criminal prosecutions.[10] Charleston has not raised a fact issue concerning whether such a tape is in the possession of Allen. The Texas Supreme Court has instructed, when the requested injunctive relief can no longer be granted, the case should be dismissed as moot. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228–29 (Tex. 1993) (employment discrimination lawsuit seeking injunctive relief rendered moot when position no longer exists and church no longer performs adoption services); *cf. Dunaway v. Austin St. Ry. Co.*, 195 S.W. 1157, 1159 (Tex. Civ. App.—Austin 1917, writ ref'd) ("law ought not require any one to do a futile act"). Because such a recording is not in Allen's possession, the request for injunctive relief has been rendered moot and the trial court did not err in dismissing the request.[11]

**Conclusion**

To the extent Charleston is requesting monetary damages, the trial court correctly concluded Allen was entitled to sovereign immunity and did not abuse its discretion in dismissing the monetary damage claims. To the extent Charleston was requesting injunctive

---

[10]Allen's summary judgment evidence includes affidavits from the District Attorney of Cass County in 1999, who certifies that an audio recording does not exist; the felony investigator for the District Attorney's office, who states he has searched for and has not located any recording; the Chief Deputy of the Cass County Sheriff's office, who states he has searched for and has not discovered any audio recording of the alleged 9-1-1 call; and the District Clerk, who states she has searched her records and has not located any recording of the alleged 9-1-1 call.

[11]When a claim is moot, the correct relief is dismissal. *Speer*, 847 S.W.2d at 229.

relief, the trial court correctly concluded Allen was entitled to summary judgment because the dispute was moot. Because we find that the trial court did not err in granting Allen's motions to dismiss and for summary judgment, it is not necessary to address Charleston's complaints about the denial of his motion for summary judgment.

For the reasons stated, we affirm the trial court's order dismissing Charleston's claims.


Bailey C. Moseley
Justice

Date Submitted:     October 12, 2012
Date Decided:       October 15, 2012