# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00678-CV

**Darnell Delk, Appellant**

**v.**

**The Honorable Rosemary Lehmberg, District Attorney and
The Honorable Robert Perkins, Judge , Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-11-003632, HONORABLE GUS STRAUSS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Darnell Delk, an inmate in the Texas Department of Criminal Justice, appeals the trial court's dismissal of his lawsuit against the Honorable Robert Perkins, retired District Judge for the 331st Judicial District of Travis County, Texas, and Rosemary Lehmberg, the current Travis County District Attorney (collectively, the Appellees). Delk contends that the trial court erred in granting the Appellees' plea to the jurisdiction and in denying his request for discovery. We will affirm.

## BACKGROUND

In 1985, following a trial over which Judge Perkins presided, Delk was convicted of robbery. In 2011, Delk filed a pro se lawsuit against Judge Perkins. Delk also sued Lehmberg, who as a former assistant district attorney prosecuted Delk. In his suit, Delk alleges that in the course of his criminal trial, Judge Perkins and Lehmberg violated his constitutional right to due

course of law. *See* Tex. Const. art. I, § 19. According to his petition, Delk was deprived of a fair trial when Judge Perkins permitted Delk to be tried in his jail clothes and seen by the jury in handcuffs. Delk also complains that Judge Perkins allowed the prosecution to make improper comments concerning past conduct and appointed an attorney who did not properly present his defense. In addition, Delk asserts that Lehmberg violated his constitutional rights by failing to select a jury representing "a cross-section of the community," unfairly offering one of his co-defendants a plea offer, and making comments on a charge for which Delk was not convicted in order to "paint a picture to the jury that Mr. Delk was a monster."

In response, the Appellees filed a plea to the jurisdiction arguing that Delk's claims were barred by sovereign immunity, judicial immunity, and prosecutorial immunity. Following a hearing, at which Delk appeared by telephone, the trial court granted the Appellees' plea to the jurisdiction and dismissed the case. This appeal followed.

## STANDARD OF REVIEW

Because subject-matter jurisdiction is question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff must affirmatively establish the trial court's subject-matter jurisdiction. *Id*. To determine whether a plaintiff has satisfied this burden, we begin our analysis with the live pleadings. *Id*. We consider the facts alleged in the plaintiff's petition along with any evidence submitted by the parties, to the extent such evidence is relevant to the jurisdictional issue. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226.

2

**ANALYSIS**

*Immunity*

It is well established that a judge is entitled to judicial immunity from liability for acts performed within the scope of his jurisdiction. *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Judicial immunity is absolute immunity, extending to acts performed by the judge in error, maliciously, and even in excess of his authority. *Stump*, 435 U.S. at 356-57. Judicial immunity is overcome only when it is shown that the actions are nonjudicial or undertaken in the "clear absence of all jurisdiction." *Id.*; *see Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Judicial acts include those performed by judges in adjudicating or otherwise exercising their judicial authority over proceedings pending in their court. *Twilligear*, 148 S.W.3d at 504-05. Upon reviewing Delk's pleadings, we conclude that Delk complains only of actions taken by Judge Perkins in his judicial capacity. Delk does not specifically allege, nor does anything in the record suggest, that Judge Perkins acted in the clear absence of all jurisdiction. Accordingly, we conclude that Delk's suit against Perkins implicates judicial immunity.

Similarly, we conclude Delk's civil suit against Lehmberg implicates derived judicial immunity. In Texas, judicial immunity extends to officers of the court who are integral parts of the judicial process. *Hawkins v. Walvoord*, 25 S.W.3d 882, 891 (Tex. App.—El Paso 2000, pet. denied). As a result, prosecutors generally have immunity from liability arising from their activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutor acting within scope of duties in initiating and pursuing

3

criminal prosecution was absolutely immune from suit under 42 U.S.C. § 1983); *Charleston v. Allen*, 420 S.W.3d 134, 136-37 (Tex. App.—Texarkana 2012, no pet.). Here, all of Delk's allegations against Lehmberg concern matters that occurred in Delk's criminal trial and could have been objected to in the normal course of that trial. Based on Delk's pleadings, we conclude that his allegations against Lehmberg concern acts of advocacy that are "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 430.

*Ultra Vires*

On appeal, Delk argues that his claims are not barred by immunity because he is seeking only declaratory and injunctive relief and not monetary damages based on the Appellees' constitutional violations. Although Delk has not specifically characterized his suit as an ultra vires action, he has sued the Appellees in their official capacities for constitutional violations and does not seek monetary relief. Liberally construing his pleadings, we interpret Delk's suit as an attempt to bring an ultra vires action.

A suit seeking to compel a government official "to comply with statutory or constitutional provisions" is an ultra vires suit and is not protected by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Suits alleging ultra vires or unconstitutional conduct by a government official are not considered to be suits against the state and therefore must be brought against state actors in their official capacity. *Id*. at 373. However, the ultra vires exception to immunity permits only prospective declaratory or injunctive relief restraining ultra vires conduct, as opposed to retroactive relief. *Id*. at 374-77.

4

The alleged conduct that forms the basis of Delk's complaint solely concerns past actions, and in his petition, Delk requests the following relief:

> (1) A declaration that the acts and omissions described herein violated complainant's rights under Due Course of Law and Constitution and laws of the United States.
>
> (2) A permanent injunction ordering Respondents . . . to comply with Due Course of Law and 2.01 [of the Code of Criminal Procedure] by admitting the following: Mr. Delk went to trial in jail clothes and had an all white jury to convict him and sentence him.

While a request for declaratory relief may support an ultra vires action, the Uniform Declaratory Judgments Act does not extend a trial court's jurisdiction, and therefore any injunctive relief invoking the ultra vires doctrine must be prospective in nature. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Here, Delk's request for a declaration that the Appellees violated the constitution in the past, even if true, is purely retrospective in nature and does not support an ultra vires claim. *See Etan Indus. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (explaining that UDJA is "intended as a means of determining the parties' rights when a controversy has arisen but before a wrong has been committed"); *Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *3 (Tex. App.—Texarkana Nov. 21, 2012, no pet.) (mem. op.) (upholding dismissal of inmate's suit against judge, county attorney, and district clerk for actions taken in course of criminal trial, concluding that inmate's request for declaration that past acts violated law is not claim for prospective declaratory relief). Similarly, Delk's requested injunctive relief, requiring the Appellees to admit to past conduct, is not an attempt to restrain any future unconstitutional conduct. *See City of Arlington v. Randall*, 301 S.W.3d 896,

907 (Tex. App.—Fort Worth 2009, pet. denied) (concluding that injunction imposing duty on City to redeem plaintiff's reputation was not proper). Consequently, Delk's requested injunctive is also retrospective.

Construing Delk's allegations liberally in his favor and accepting all of his allegations as true, we conclude that Delk's allegations concerning past conduct do not support the existence of any potential claim for prospective relief. *See Higgins v. Blount*, No. 07-12-00093-CV, 2013 WL 2244118, at *4 (Tex. App.—Amarillo May 17, 2013, pet. denied) (mem. op.) (upholding dismissal of inmate's suit against judge and assistant district attorney for errors in criminal trial and explaining that because inmate "ultimately seeks relief for acts he believes were already committed, the ultra vires exception does not apply to the facts of this case"). Accordingly, we conclude that the trial court did not err in granting the Appellees' plea to the jurisdiction.

Delk also asserts in this appeal that the trial court did not allow him to fully participate at the hearing on the plea to the jurisdiction. Upon reviewing the record of the hearing, we conclude that the trial court allowed Delk adequate opportunity to participate in the hearing, and in fact, Delk asked several questions and presented a lengthy argument in support of his claims. Further, Delk complains that the trial court failed to allow him to conduct discovery before dismissing his claims. Delk's pleadings affirmatively demonstrate that the court lacked subject-matter jurisdiction over Delk's suit, and the trial court was not required to allow discovery before ruling on the Appellees' plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion.").

6

**CONCLUSION**

Having concluded that Delk's claims against the Appellees are barred by immunity and that his procedural complaints concerning the hearing on the plea to the jurisdiction have no merit, we overrule all of Delk's issues on appeal and affirm the order of the trial court.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:  May 9, 2014