# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00220-CV

### Trent Alvon Smith, Appellant

### v.

### District Attorney Office for Wood County, Texas and The 402-G District Court of Wood County, Texas, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GN-12-003552, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Trent Alvon Smith, an inmate in the Texas Department of Criminal Justice, Ellis Unit, appeals the trial court's dismissal of his lawsuit against the 402nd Judicial District Court of Wood County, Texas, and the Wood County District Attorney's Office (collectively, the Appellees). Smith contends that the trial court erred in granting the Appellees' pleas to the jurisdiction and in failing to rule on several pending motions. We will affirm.

## BACKGROUND

In November 2012, Smith filed a pro se lawsuit against the Appellees "to redress the deprivation under color of state law of rights secured by the due course of law of the land in conjunction with the Constitution of the United States." More specifically, Smith complains of alleged errors committed by the Appellees in the handling of his 1993 criminal trial and of his

subsequent application for writ of habeas corpus. According to Smith, he was threatened by the district attorney "to make an involuntary plea to the charged offenses and he never plead[ed] true to the enhancement paragraph" and that "the [Appellees engaged] in a conspiracy to deprive [him] of Due Course of Law, [and] the district attorney's office failed in its duty to disclose material evidence and to correct false evidence."

In response, the Appellees filed pleas to the jurisdiction arguing that Smith's claims are barred by sovereign immunity, judicial immunity, and prosecutorial immunity. Following hearings on the pleas, the trial court granted the Appellees' pleas to the jurisdiction and dismissed the case. This appeal followed.

In two related issues, Smith argues that the trial court erred in granting the Appellees' pleas to the jurisdiction. In his third issue, Smith contends that the trial court abused its discretion in failing to rule on several motions.

## STANDARD OF REVIEW

Because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff must affirmatively establish the trial court's subject-matter jurisdiction. *Id*. To determine whether a plaintiff has satisfied this burden, we begin our analysis with the live pleadings. *Id*. We consider the facts alleged in the plaintiff's petition along with any evidence submitted by the parties, to the extent such evidence is relevant to the jurisdictional issue. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). We construe

2

the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226.

## ANALYSIS

*Immunity*

It is well established that a judge is entitled to judicial immunity from liability for acts performed within the scope of his jurisdiction. *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Judicial immunity is absolute immunity, extending to acts performed by the judge in error, maliciously, and even in excess of his authority. *Stump*, 435 U.S. at 356-57. Judicial immunity is overcome only when it is shown that the actions are nonjudicial or undertaken in the "clear absence of all jurisdiction." *Id*.; *see Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Upon reviewing Smith's pleadings, we conclude that Smith complains only of actions taken by the judge of the 402nd District Court in his judicial capacity. Smith does not specifically allege, nor does anything in the record suggest, that the judge acted in the clear absence of all jurisdiction. Accordingly, we conclude that Smith's suit against the district judge of Wood County implicates judicial immunity.

Similarly, to the extent Smith is attempting to sue certain unnamed prosecutors in the Wood County District Attorney's Office, we conclude such claims implicate derived judicial immunity.[1] In Texas, judicial immunity extends to officers of the court who are integral parts of the

---

[1] While Smith's pleadings list governmental entities as parties, his request for relief is targeted toward certain individuals acting on behalf of those governmental entities. As a result, it is unclear whether Smith is attempting to sue the district court and the district attorney's office as

judicial process. *Hawkins v. Walvoord*, 25 S.W.3d 882, 891 (Tex. App.—El Paso 2000, pet. denied). As a result, prosecutors generally have immunity from liability arising from their "activities intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutor acting within scope of duties in initiating and pursuing criminal prosecution was absolutely immune from suit under 42 U.S.C. § 1983); *Charleston v. Allen*, 420 S.W.3d 134, 136-37 (Tex. App.—Texarkana 2012, no pet.). Here, all of Smith's allegations concern matters that occurred in Smith's underlying 1993 criminal proceedings. Based on Smith's pleadings, we conclude that his allegations against the prosecutors in the District Attorney's Office concern acts of advocacy that are "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 427.

*Ultra Vires*

Smith argues that his claims are not barred by immunity because he is seeking only declaratory and injunctive relief based on the Appellees' constitutional violations. Although Smith has not specifically characterized his suit as an ultra vires action, his constitutional claims concern action and inaction by government officials. Liberally construing Smith's pleadings, we interpret Smith's suit as an attempt to bring an ultra vires action. *Cf. Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (concluding that plaintiff's claim was *not* ultra vires claim because claim did not involve any government officer's action or inaction).

---

governmental entities or is attempting to sue individuals in these offices in their official capacities. For purposes of analyzing immunity, we assume that Smith has brought suit against the individuals as government officials. However, to the extent Smith is attempting to sue the governmental entities directly, we note that such claims implicate sovereign immunity and governmental immunity. *See Witchita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

A suit seeking to compel a government official "to comply with statutory or constitutional provisions" is an ultra vires suit and is not protected by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).[2] However, relief is limited in an ultra vires suit to prospective declaratory or injunctive relief restraining ultra vires conduct, as opposed to retroactive relief. *Id*. at 374-77.

In this case, Smith seeks a declaration that certain acts and omissions committed during his criminal trial "violated [his] rights under due course of law and the Constitution and laws of the United States." In addition, Smith seeks a permanent injunction against the judge of the 402nd District Court of Wood County and the current District Attorney of Wood County ordering them to admit that Smith's constitutional rights were violated in the past and that, as a result, the judgment of conviction against him is void. Construing Smith's allegations liberally in his favor and accepting all of his allegations as true, we conclude that Smith's claims for declaratory and injunctive relief are retrospective claims and do not support the existence of any potential ultra vires claim. *See Roy v. Shannon*, No. 02-13-00238-CV, 2014 Tex. App. LEXIS 9305, at *7-8 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.) (mem. op.) (upholding dismissal of inmate's suit against

---

[2] Suits alleging ultra vires or unconstitutional conduct by a government official are not considered to be suits against the state and therefore must be brought against state actors in their official capacities. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). *But see City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (per curiam) ("[S]uits for injunctive relief may be maintained against governmental entities to remedy violations of the Texas Constitution."). As previously explained, it is unclear whether Smith seeks to bring suit against individual state actors or against the governmental entities themselves. To the extent Smith is attempting to bring an ultra vires suit against governmental entities, as opposed to officers in their official capacities, such action is improper. *Heinrich*, 284 S.W.3d at 373. However, for purposes of deciding whether Smith has asserted a valid ultra vires action, we assume that Smith has brought suit against the government officials in their official capacities.

judge and district attorney and explaining that requested declaration and injunction for admission regarding past acts did not implicate ultra vires claim); *Delk v. Lehmberg*, No. 03-12-00678-CV, 2014 Tex. App. LEXIS 5033, at *7-8 (Tex. App.—Austin May 9, 2014, no pet.) (mem. op.) (same); *Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *11 (Tex. App.—Texarkana Nov. 21, 2012, no pet.) (mem. op.) (same); *see also Higgins v. Blount*, No. 07-12-00093-CV, 2013 WL 2244118, at *4 (Tex. App.—Amarillo May 17, 2013, pet. denied) (mem. op.) (upholding dismissal of inmate's suit against judge and assistant district attorney for errors in criminal trial and explaining that because inmate "ultimately seeks relief for acts he believes were already committed, the ultra vires exception does not apply to the facts of this case"). Because Smith's claims are otherwise barred by immunity, the trial court did not err in granting the Appellees' pleas to the jurisdiction.[3] We overrule Smith's first and second issues on appeal.

In his third issue, Smith argues that the trial court abused its discretion by failing to rule on several pending motions. First, Smith complains that the trial court failed to rule on his "objections" to the Appellees' pleas to the jurisdiction. However, what Smith refers to as "objections" are, in fact, legal arguments presented by Smith in pleadings filed in response to the Appellees' pleas to the jurisdiction. It is clear from the record before us that the trial court, in determining that it lacked jurisdiction, considered and rejected the jurisdictional arguments raised by Smith in his written pleadings and "objections," and no separate ruling was required. Second, Smith complains that the trial court failed to issue findings of fact and conclusions of law following the jurisdictional

---

[3] Smith also appears to argue that his 1993 judgment of conviction for felony forgery is invalid and should be set aside. This relief may be obtained only by writ of habeas corpus from the court of criminal appeals. *See* Tex. Code Crim. Proc. art. 11.07.

rulings, despite Smith's request to do so and his notice of past due findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 297. Because the trial court's dismissal was based solely on the allegations presented in Smith's pleadings, findings of fact and conclusions of law would have served no purpose and thus would have been inappropriate in this case. *See IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (summarizing when request for findings of fact and conclusions of law is inappropriate, including "dismissal based on pleadings"). We overrule Smith's third issue on appeal.

## CONCLUSION

Having overruled Smith's issues on appeal, we affirm the dismissal orders of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: October 24, 2014

7