John Wayne CHARLESTON, Appellant,

v.

Kenneth PATE, et al., Appellee.

No. 06–05–00074–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 3, 2006.

Decided May 23, 2006.

John Wayne Charleston, New Boston, pro se.

D. Randall Montgomery, Deary, Montgomery, DeFeo & Canada, LLP, Dallas, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

John Wayne Charleston appeals from an adverse judgment in his suit against Randall Lee, Tina M. Richardson, and several other persons for various alleged civil rights violations committed in connection with Charleston's conviction for aggravated robbery. The trial court dismissed Charleston's case as to all defendants on the grounds of immunity and failure to state a claim. Charleston appeals only as to Randall Lee and Tina Richardson, the district attorney and assistant district attorney of Cass County, respectively, who represented the State in the prosecution of Charleston.

Charleston raises five issues in which he contends, generally, that Lee failed to properly appoint Richardson as assistant district attorney; Richardson failed to take the oath of office and was therefore not qualified to act as assistant district attorney; these failures violated Charleston's civil rights under 42 U.S.C.A. § 1983 (2003) and other statutes; and Lee and Richardson are not entitled to immunity. Lee and Richardson raise several defenses other than immunity, but we hold that prosecutorial immunity bars Charleston's claims, so it is not necessary for us to address the other defenses.

Lee and Richardson collaborated in the filing and prosecution of the aggravated robbery charge against Charleston, and they represented the respondents in three habeas corpus petitions Charleston filed seeking to gain release from incarceration. Charleston first contends that Richardson was not properly appointed or qualified as assistant district attorney and, therefore, the actions of Lee and Richardson in prosecuting him were violations of his due process rights.

 District attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Font v. Carr,* 867 S.W.2d 873 (Tex. App.-Houston [1st Dist.] 1993, writ dism'd w.o.j.); *Miller v. Curry,* 625 S.W.2d 84, 86–87 (Tex.App.-Fort Worth 1981, writ ref'd n.r.e.). This immunity protects not only chief prosecutors, but also their assistants who perform prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (deputy district attorney); *Font v. Carr,* 867 S.W.2d at 874 (assistant district attorney). Prosecutorial functions are those acts representing the government in filing and presenting criminal cases, as well as other acts that are "intimately associated with the judicial process." *Clawson v. Wharton County,*

941 S.W.2d 267 (Tex.App.-Corpus Christi 1996, writ denied); *Font v. Carr*, 867 S.W.2d at 877. Absolute immunity protects a prosecutor even if the prosecutor acts in bad faith or with ulterior motives, so long as he or she acts within the scope of his or her prosecutorial functions. *Clawson v. Wharton County*, 941 S.W.2d at 272; *Miller v. Curry*, 625 S.W.2d at 86.

 Charleston argues that Richardson was not legally qualified as assistant district attorney because her appointment was not properly authorized by the Cass County Commissioner's Court and she did not take the oath of office. We reject this contention. Charleston concedes that Richardson held the office of assistant district attorney and actively assisted the district attorney in filing and prosecuting the robbery charge against him. Consequently, she was the de facto assistant district attorney, and her authority cannot be attacked in a collateral proceeding. *Ex parte Grundy*, 110 Tex.Crim. 367, 8 S.W.2d 677 (1928) (assistant county attorney); *see also Freeman v. State*, 556 S.W.2d 287, 304 (Tex.Crim.App.1977); *Dane v. State*, 36 Tex.Crim. 84, 35 S.W. 661 (1896). It is the nature of one's activity, not one's title or qualifications, that gives rise to the prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

The acts of Lee and Richardson that Charleston alleged as the basis of his suit were all performed in representing the State in prosecuting the criminal case against Charleston and in representing the respondents in Charleston's petitions for habeas corpus. As such, they were acts intimately connected to the judicial process. The trial court correctly dismissed Charleston's suit against Lee and Richardson on the basis of prosecutorial immunity and failure to state a claim.

For the reasons stated, we affirm the judgment.