Opinion issued June 7, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00890-CV

———————————

victor cruz Gonzales, Appellant

V.

maritza antu, Appellee



 



 

On Appeal from the 151st District Court

Harris County, Texas



Trial Court Case No. 2011-46689

 



 

MEMORANDUM OPINION

          Appellant,
Victor Cruz Gonzales,[1] an inmate in the Texas
Department of Criminal Justice-Institutional Division (the “Department”),
challenges the trial court’s order dismissing, under Chapter 14 of the Texas
Civil Practice and Remedies Code,[2] his lawsuit against
appellee, Maritza Antu, for wrongfully accusing him
of criminal conduct, “incarcerating him,” “taking” his liberty and real
property, violating the Texas Tort Claims Act[3] through various “acts or
omissions,” and breaching her duty as a public servant.[4]  In four issues, Gonzales contends that the “criminal
prosecution against [him] was devoid of evidentiary support”; “exculpatory
evidence proves his innocence”; he is entitled to “compensatory and punitive
damages stemming” from his “wrongful imprisonment” and “deprivation of civil
rights”; there was a “conspiracy” relating to his criminal conviction; Antu and Judge Mary Bacon “misuse[d] state property and
abuse[d] their offices”; he has been “deprived of property, [and] loss of
liberty without due process”; and he is entitled to “actual and exemplary
damages for unlawful action.”     

          We affirm.
        

 

Background

Gonzales was convicted of the
offense of aggravated assault[5] in the 183rd district court
of Harris County, and, on May 8, 2008, the Fourteenth Court of Appeals affirmed
his conviction.  Gonzales v. State, No. 14-07-00277-CR, 2008
WL 1991776, at *1 (Tex. App.—Houston [14th Dist.] May
8, 2008, pet. ref’d)
(mem. op.).  The
Honorable Mary Bacon presided over the trial in which Gonzales was convicted,
and Antu was the assistant district attorney who
prosecuted the aggravated assault case against him.  On August 8, 2011, Gonzales filed
in the underlying court his “Civil Action for Damages for Wrongful Acts in
Deprivation of a Right Secured by the Constitution and Laws of this
State.”  In this petition, Cruz alleged
that Antu and Bacon had, among other things, misused
governmental property, committed official misconduct, violated the Texas Tort
Claims Act, and wrongfully incarcerated him for a period of 20 years.  Cruz further alleged that Antu
had committed her conduct while acting as a public servant.  

Antu filed an answer
in which she asserted the affirmative defenses of prosecutorial immunity,
qualified immunity, and official immunity.  The trial court, citing section 14.003 of
Chapter 14,[6] dismissed
Gonzales’s claims.  In its dismissal
order, the trial court found that Gonzales’s claims had “no realistic chance of
ultimate success” and “no arguable basis in law or in fact”; Gonzales could not
“prove facts in support of the claim[s]”; Gonzales had failed to serve Judge Bacon
with his suit; even if Gonzales had served Judge Bacon with the suit there was
nothing “in his pleadings that would suggest she [] waived her absolute
judicial immunity”; and “[t]here [was] nothing in the record or [] Gonzales’s
pleadings that would negate any of Maritza Antu’s
affirmative defenses.”    

Standard of Review

We generally review a trial court’s
dismissal of an inmate’s suit under Chapter 14 for abuse of discretion.  See
Thompson v. Tex. Dep’t of Criminal Justice-Inst. Div., 33 S.W.3d 412, 414
(Tex. App .—Houston [1st Dist.] 2000, pet. denied); Wilson v. TDCJ-ID, 268 S.W.3d 756, 758
(Tex. App.—Waco 2008, no pet.).  When a
lawsuit is dismissed as frivolous for having no basis in law or in fact, and no
fact hearing was held, our review focuses on whether the inmate’s lawsuit has
an arguable basis in law, which we review de novo.  Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  A claim
has no arguable basis in law if it is based on an indisputably meritless legal
theory.  Id. In conducting our de novo review, we take as true the
allegations of the inmate’s petition.  Id.

 

Dismissal

Within the substantive argument
portion of his appellate brief, Gonzales asserts that the “alleged victim” of
the aggravated assault “did not direct [his] arrest,” Antu
and the “grand jury exercised sole discretion in deciding to prosecute,” “the
jury should not have concluded that the prosecution ended in the State’s
favor,” there was no “probable cause to commence the criminal proceeding,”
there was a conspiracy between Antu and Judge Bacon
in “allowing grand jury proceedings,” Antu and Bacon
“cannot successfully maintain the defense of immunity,” “malice can  be inferred from the initiation of a
prosecution without probable cause,” Antu and Bacon
have misused State property and “prevented” a fair proceeding to determine his
“actual innocence,” he was deprived of property and liberty without due
process, and the “illegal conviction reflected negatively on [his] character.”

Chapter 14 of the Texas Civil
Practice and Remedies Code governs inmate litigation.  See Tex. Civ.  Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002
& Supp. 2011).  Under Chapter 14, a
trial court may dismiss an inmate suit brought in forma pauperis,
either before or after service of process, by finding that it is frivolous or
malicious.  Id. § 14.003(a)(2). In determining whether
a claim is frivolous or malicious, the trial court may consider whether: (1)
the claim’s realistic chance of ultimate success is slight; (2) the claim has
no arguable basis in law or in fact; (3) it is clear that the party cannot
prove facts in support of the claim; or (4) the claim is substantially similar
to a previous claim filed by the inmate because the claim arises from the same
operative facts.  Id . § 14.003(b)(1)–(4).
 In finding that a claim is frivolous or
malicious, the court “may” hold a hearing “before or after service of process”
and “it may be held on motion of the court, a party, or the clerk of the
court.”  Id. § 14.003(c).

First, to the extent that Gonzales
appears to be challenging matters that could have been or were raised in his direct
appeal, we note that our sister court has previously affirmed Gonzales’s
conviction following his direct appeal.  Gonzales, 2008 WL
1991776, at *1.  Second, we note
that many of the issues raised by Gonzales in his appellate brief, which are
not entirely consistent with those matters that he raised in his petition, would
more appropriately be brought in an application for writ of habeas corpus
rather than in a civil lawsuit brought against the prosecutor and trial judge
of the convicting court.  See Blakeney v.
State, No. 06-07-00064-CV, 2007 WL 2947576, at *2 (Tex. App.—Texarkana Oct.
11, 2007, pet. denied) (mem. op.) (dismissing
inmate civil suit pursuant to chapter 14 and noting that “relief ultimately
sought . . . [was] more properly the subject of an application for writ of
habeas corpus”).  

Third, we conclude that to the
extent that Gonzales has alleged any facts that relate to any possible claim
against Antu, in either his petition or his appellate
briefing, Gonzales’s claims, as alleged, are barred by prosecutorial
immunity.  See Charleston v. Pate,
194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006, no pet.) (“District attorneys and
other prosecutors are absolutely immune from liability when performing their
prosecutorial functions.”); Bradt v. West, 892 S.W.2d 56, 69–70 (Tex.
App.—Houston [1st Dist.] 1994, writ denied) (“Under the functional approach, a prosecutor’s acts that are intimately
associated with the judicial phase of the criminal process are protected by
absolute immunity.”) (citation omitted); see
also Blakeney, 2007 WL 2947576, at *1 (stating
that district attorneys and prosecutors are “absolutely immune from liability
when performing their prosecutorial functions,” and holding that trial court
correctly dismissed inmate litigation brought against prosecutors because
alleged acts “were all performed in representing the State in prosecuting the
multiple criminal cases” and were “intimately connected with the judicial
process”).  

Additionally, to the extent that Gonzales
has alleged any facts that relate to any possible claim against Judge Bacon, Gonzales’s
claims, as alleged, are barred by judicial immunity. 
See Bradt, 892 S.W.2d at 66 (citation omitted) (“The
judges of Texas courts have absolute immunity for their judicial acts unless
such acts fall clearly outside the judge’s subject-matter jurisdiction.”).  

Accordingly, we hold that the trial
court did not abuse its discretion in dismissing Gonzales’s claims.

We overrule Gonzales’s four issues.

Conclusion

We affirm the order of the trial
court. 

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.











[1]           Cruz represents himself on appeal.

 





[2]
          Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.001–.014 (Vernon 2002 & Supp. 2011).

 





[3]           See
id. §§ 101.001–.109 (Vernon 2005).

 





[4]
          Gonzales also named as a defendant the Honorable Mary
Bacon, who he alleges was the presiding judge of the district court in which he
was convicted of aggravated assault, but he did not serve her, and she is not a
party to this appeal.





[5]           See
Tex. Penal Code Ann. § 22.02 (Vernon 2011).

 





[6]           See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.003(a)(2) (Vernon 2002) (providing that court may dismiss claim,
either before or after service of process, if the court finds that claim is
frivolous or malicious).