In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00537-CV
_____

**RICARDO SAMPSON, Appellant**

**V.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, BRETT LIGON, AND BRIAN IHNEN, Appellees**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-04-03838 CV**

**MEMORANDUM OPINION**

Ricardo Sampson was arrested after a search of his vehicle led to the discovery of marihuana. The case was later dismissed because a co-defendant accepted responsibility for the marihuana. Sampson sued the Texas Department of Public Safety ("DPS"), Brett Ligon, and Brian Ihnen for dishonor in commerce, obstruction of justice, abuse of authority, denial of due process, extortion, unlawful arrest, trespass, conspiracy to defraud, racketeering, false imprisonment, abuse of process, and coercion.

1

In a plea to the jurisdiction, DPS asserted that sovereign immunity barred Sampson's claims. In his answer, Ligon, the Montgomery County District Attorney, asserted immunity on grounds that he acted in his prosecutorial capacity when handling Sampson's criminal case. After a hearing, the trial court entered a written judgment dismissing Sampson's lawsuit against DPS and Ligon with prejudice, and dismissed Sampson's lawsuit against Ihnen without prejudice because Ihnen had not been served with process. In six appellate issues, Sampson asserts that (1) appellees are not entitled to immunity; (2) DPS is liable under 42 U.S.C.A. § 1983 (West 2003); (3) the trial court failed to require a showing on the record of appellees' entitlement to immunity; (4) the trial court erred by finding that Ihnen had not been served; (5) the trial court failed to address Sampson's questions and issues; and (6) the trial court failed to require a written final order and set a hearing date for entry of the order. We affirm the trial court's judgment.

Sovereign immunity embodies (1) immunity from liability, which protects governmental entities from judgments, and (2) immunity from suit, which bars actions against those entities absent express legislative consent. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012). A governmental entity's immunity from suit has been waived for property damage, personal injury, and death proximately caused by (1) the operation or use of a motor-driven vehicle or motor-driven equipment; (2) a condition or use of tangible or real property; and (3) premises

defects. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.022 (West 2011). Immunity has not been waived for intentional torts. *Id.* § 101.057(2) (West 2011). Sampson's claims of false imprisonment, false arrest, trespass, coercion, and abuse of process and authority are intentional torts for which a governmental entity is immune. *See id.* (false imprisonment and other intentional torts); *see also Hidalgo Cnty. v. Dyer*, 358 S.W.3d 698, 704 (Tex. App.—Corpus Christi 2011, no pet.) (trespass); *Fulsom v. Mexia Indep. Sch. Dist.*, No. 10-10-00041-CV, 2010 Tex. App. LEXIS 7757, at *2 (Tex. App.—Waco Sept. 22, 2010, no pet.) (mem. op.) (abuse of process); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 928 (Tex. App.—Dallas 2007, pet. denied) (duress); *Cronen v. Ray*, Nos. 14-05-00788-CV, 14-05-00789-CV, 2006 Tex. App. LEXIS 7952, at *11 (Tex. App.—Houston [14th Dist.] Sept. 5, 2006, no pet.) (mem. op.) (false arrest and false imprisonment).

The State is also immune from claims grounded in fraud, such as conspiracy to defraud, racketeering, and dishonor in commerce. *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 219 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (conspiracy to commit fraud); *Stewart v. Mortg. Elec. Registration Sys., Inc.*, CV.09-687-PK, 2009 U.S. Dist. LEXIS 103375, at **14-15 (D. Or. Oct. 6, 2009) (Claims such as dishonor in commerce and racketeering are "grounded in fraud[.]"). Because there is no cause

of action for extortion, such claims are treated as claims for unlawful conversion, which is also an intentional tort for which immunity is not waived. *See Haase v. Pearl River Polymers, Inc.*, No. 14-11-00024-CV, 2012 Tex. App. LEXIS 6593, at *12 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. denied) (mem. op.); *see also City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 361 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Moreover, "obstruction of justice" is a criminal offense for which there is no private cause of action. *See Aguilar v. Chastain,* 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied).

Additionally, "[t]he Eleventh Amendment to the United States Constitution protects the State of Texas from suit in its own courts for an alleged violation of federal law." *Dyer*, 358 S.W.3d at 709; *see* U.S. Const. amend. XI. Sampson cannot assert a section 1983 due process claim against the State or its officials acting in their official capacity, as the State is not a "person" for purposes of that section. *See Tex. A&M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 838-39 (Tex. 2007); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001); *see also Dyer*, 358 S.W.3d at 709-10. Nor is immunity waived for claims against a district attorney for the performance of prosecutorial functions. *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006, no pet.). The record demonstrates that Sampson's claims against Ligon stem from acts Ligon performed when representing the State in filing and presenting Sampson's criminal case. We

4

conclude that the trial court properly dismissed Sampson's lawsuits against DPS and Ligon with prejudice. *See Koseoglu*, 233 S.W.3d at 840.

Nor did the trial court err by dismissing Sampson's lawsuit against Ihnen for lack of service. As plaintiff, Sampson's duty to exercise diligence continued until Ihnen was personally served with process, but the record before us does not indicate that Sampson requested service, specified any manner of service, or requested reinstatement after the trial court dismissed his lawsuit without prejudice. *See Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.). Accordingly, we overrule Sampson's six issues and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on July 1, 2013
Opinion Delivered July 11, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.