**Opinion issued June 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00826-CV

_____

**MICHAEL WAYNE BARNES, Appellant**

**V.**

**HARRIS COUNTY ASSISTANT DISTRICT ATTORNEY MARITZA
ANTU AND COURT APPOINTED DEFENSE COUNSEL
MARY C. A. MOORE,[1] Appellees**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2013-21008

## MEMORANDUM OPINION

Appellant Michael Wayne Barnes, a prison inmate, challenges the trial

court's judgment dismissing, under Chapter 14 of the Civil Practice and Remedies

---

[1]     The appeal is styled as it was in the trial court and in Appellant's notice of appeal.

Code,[2] his lawsuit against assistant district attorney, Maritza Antu, and his former court-appointed defense counsel, Mary C.A. Moore. In two issues, Appellant contends the trial court abused its discretion in dismissing his suit.

We affirm.

## Background

In 2006, a felony complaint, signed by the Harris County District Attorney's Office, was filed, alleging that Barnes had committed the felony offense of burglary of a habitation.[3] The probable cause statement supporting the complaint detailed how the police had identified Barnes as the person who had committed the burglary.

A grand jury returned an indictment, charging Barnes with that offense. The case was assigned to the 183rd District Court of Harris County. Maritza Antu was the assistant district attorney who prosecuted the case. Court-appointed counsel Mary C.A. Moore represented Barnes. In 2007, a jury found Barnes guilty of the charged burglary offense. He was sentenced to 35 years in prison.

Barnes appealed to the Fourteenth Court of Appeals, asserting that the evidence was insufficient to support the judgment of conviction. *Barnes v. State*, No. 14–07–00433–CR, 2008 WL 2606192, at *1 (Tex. App.—Houston [14th

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (Vernon 2002 & Supp. 2013).

[3] *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon 2011).

2

Dist.] July 3, 2008, pet. dism'd, untimely filed) (mem. op., not designated for publication). The court of appeals affirmed Barnes's burglary conviction and issued its mandate. *See id.* at *3.

In 2013, Barnes, while a prison inmate, filed a civil suit in the 234th District Court of Harris County against assistant district attorney Antu and court-appointed counsel Moore. Proceeding pro se and in forma pauperis, Barnes sought to challenge his 2007 burglary conviction. Barnes asserted that he was suing each defendant in her official capacity. Barnes averred, "This is a civil action authorized to redress the deprivation, under color of State Law and Civil Rights secured by the Due Course of Law in conjunction with the United States Constitution." Barnes alleged that the statements made by the district attorney's office "in the felony complaint [for the burglary offense] are false," with respect to how Barnes was identified as the person who committed the burglary.

In his petition, Barnes asserted that Antu and Moore allowed "the jury to return a guilty verdict even though [he] was never identified as the perpetrator." Barnes claimed that the identification evidence presented at trial misled the jury, "impairing the presumption of innocence and derailed the Due Course of Law." Under the heading "malfeasance," Barnes asserted that each defendant "through acts and/or omissions and/or nonfeasance and/or gross negligence and/or conscience indifference in violation of the statutory provisions of the Texas Code

3

of Criminal Procedure" violated certain of Barnes's federal and state constitutional rights. In doing so, Barnes alleged that the defendants were acting beyond their statutorily conferred rights. Barnes alleged that he "has suffered irreparable injury as a result of [Antu's and Moore's] actions and/or omissions."

Barnes did not request monetary damages for his claims. Rather, he alleged that he was entitled to injunctive and declaratory relief, ultimately requesting the trial court to "void" the judgment of conviction and to render an "order of an acquittal under actual innocence."

Antu and Moore each answered Barnes's suit. They also moved to dismiss Barnes's suit under Civil Practice and Remedies Code section 14.003, asserting Barnes's claims were "frivolous."

Barnes responded to the motions. He claimed that the criminal district court in which he was convicted of burglary had lacked personal jurisdiction over him and subject-matter jurisdiction over the case. In making this assertion, Barnes claimed that he was denied due course of law in violation of his constitutional rights. He averred that his arrest for the burglary had been improper because a neutral and detached magistrate had never determined that there was probable cause for his arrest and an arrest warrant had never been issued pursuant to that process. Barnes averred that the probable-cause statement in the complaint signed by the district attorney's office contained false statements regarding the proof

4

showing that Barnes had been identified as the person who committed the burglary. Barnes also asserted that Penal Code section 30.02(a)(3), under which he had been prosecuted, was unconstitutional as applied to him because the police had fabricated the charges against him and thus there "was no offense to apply the Penal Statute upon."

The trial court signed an "Order of Dismissal of Action Pursuant to Section 14.003(a)(2) of the Texas Civil Practice and Remedies Code," granting Antu's and Moore's motions to dismiss Barnes's suit with prejudice. The trial court found that Barnes's claim "had no arguable basis in law or in fact."

This appeal followed.[4] Barnes raises two issues, challenging the trial court's order granting Antu's and Moore's motions to dismiss. In his first issue, Barnes generally contends that the trial court abused its discretion in dismissing his suit. Barnes offers more specific reasons to support this assertion in his second issue.

## Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (Vernon 2002 & Supp. 2013). Under Chapter 14, a trial court may dismiss an inmate suit brought in forma pauperis, either before or after service of process, by finding that it is

---

[4] Antu filed an appellee's brief, but Moore did not file a brief.

frivolous or malicious. *Id.* § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the trial court may consider whether the claim has no arguable basis in law or in fact. *Id*. § 14.003(b)(2).

We generally review a trial court's dismissal of an inmate's suit under Chapter 14 for abuse of discretion. *See Thompson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Wilson v. TDCJ-ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.). When a lawsuit is dismissed as frivolous for having no basis in law or in fact, and, as here, no fact hearing was held, our review focuses on whether the inmate's lawsuit has an arguable basis in law, which we review de novo. *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Id.* When conducting our de novo review, we take as true the allegations of the inmate's petition. *See id.* We examine the claims asserted and the relief requested to determine whether the petition stated a cause of action that could authorize relief. *See Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).

**Analysis**

In his petition, Barnes sought injunctive and declaratory relief, requesting the trial court to "void" his 2007 judgment of conviction for the felony offense of

6

burglary and to render a judgment of acquittal "under actual innocence." Barnes alleged that his federal and state constitutional rights had been violated because his arrest had not been made pursuant to a warrant issued by a neutral magistrate on a finding of probable cause. He also alleged that the probable cause statement in the complaint filed by the district attorney's office contained false information regarding the evidence identifying Barnes as the person who committed the burglary. Barnes alleged that the police had fabricated the evidence against him to show he was the burglar, and he asserted that Antu and Moore had each acted outside of her conferred authority by permitting Barnes to be prosecuted under such circumstances.

In his response to the dismissal motions, Barnes alleged that Penal Code section 30.02(a)(3), under which he was prosecuted for burglary, was unconstitutional as applied to him. Barnes asserted that the burglary statute did not "apply" to him because he did not commit the crime but had been wrongfully prosecuted with fabricated evidence. Thus, Barnes allegation regarding the constitutionality of Penal Code section 30.02(a)(3) was not premised on the unconstitutionality of the statutory provision, but rather on the unconstitutionality of the actions of the authorities in prosecuting Barnes under that provision.

Although not entirely clear, Barnes's pleadings appear to request injunctive relief to stop the effects and the enforcement of his burglary conviction. He also

appears to seek a declaration regarding the alleged illegalities that precipitated his conviction. However, the ultimate relief sought by Barnes was the setting aside of the judgment of conviction for burglary and the rendition of a judgment of acquittal.

The Texas legislature specifies that "[t]he writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. ANN. art. 11.01. The habeas corpus procedure set out in Code of Criminal Procedure article 11.07 provides the exclusive remedy for felony post-conviction relief in state court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2013); *see also Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Pursuant to article 11.07, the Court of Criminal Appeals alone, among the courts of Texas, has authority to release from confinement persons who have been finally convicted of noncapital felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2013); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.). Through all of his claims and by his requested relief, Barnes sought to set aside the judgment of conviction for burglary, a felony, and to obtain a judgment of acquittal, thus securing his release from confinement. This is not relief that the trial court could provide to him in this suit; rather, the relief Barnes seeks is obtainable only by writ

of habeas corpus from the Court of Criminal Appeals.[5]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.  After reviewing his pleadings, we conclude that Barnes failed to assert a cause of action that could authorize relief in this suit.  We hold that the trial court did not abuse its discretion in dismissing Barnes's suit because

---

[5] We note that Barnes asserted that he was suing Antu and Moore in their "official capacities."  It is unclear how Moore was acting in an "official capacity" as court-appointed defense counsel.  With respect to assistant district attorney Antu, prosecutors are entitled to absolute immunity for actions intimately associated with the judicial phase of the criminal process.  *See, e.g., Charleston v. Pate*, 194 S.W.3d 89, 91 (Tex. App.—Texarkana 2006, no pet.) (stating that district attorneys and prosecutors are absolutely immune when performing their prosecutorial functions).  By averring that Antu violated statutory and constitutional provisions in prosecuting him, it appears that Barnes was attempting to invoke the ultra vires exception under which the doctrines of absolute immunity and official immunity would not bar an action for prospective declaratory or injunctive relief against government actors.  *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 368–69 (Tex. 2009) (holding governmental immunity "does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions); *see also Higgins v. Blount*, No. 07–12–00093–CV, 2013 WL 2244118, at *2 (Tex. App.—Amarillo May 17, 2013, pet. denied) (mem. op.) (stating doctrines of absolute immunity and official immunity would not bar an action for prospective declaratory or injunctive relief against prosecutor).  However, the ultra vires exception applies only to claims seeking prospective injunctive or declaratory relief.  *See Higgins*, 2013 WL 2244118, at *3.  Here, Barnes seeks relief for acts he alleged were already committed; that is, the relief he seeks is retrospective.  Thus, the ultra vires exception does not apply to the allegations in this case.  *See id* at *4.  To the extent Barnes' pleadings can be construed as requesting prospective declaratory and injunctive relief as a "post-conviction remedy," such relief is not available and can only be obtained by a writ of habeas corpus, as discussed.  And, to the extent Barnes requested a general injunction requiring prospective compliance with the law, such relief could not be granted here.  The purpose of injunctive relief is not to grant relief for past actionable wrongs or to prevent commission of wrongs not imminently threatened.  *Webb v. Glenbrook Owners Ass'n*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.).  Here, Barnes is seeking relief from past alleged wrongs and has failed to specify an imminently threatened wrong.

there is no arguable legal basis for Barnes's claims to be asserted in the trial court. *See Higgins v. Blount*, No. 07–12–00093–CV, 2013 WL 2244118, at \*2 (Tex. App.—Amarillo May 17, 2013, pet. denied) (mem. op.) (upholding frivolous determination and dismissal of inmate's suit filed against judge and two assistant district attorneys based on allegations of errors from inmate's criminal trial).

We overrule issues one and two.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.