

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00238-CV

WALTER ROY

APPELLANT

V.

DISTRICT ATTORNEY JOE
SHANNON JR. AND JUDGE R.E.
THORNTON

APPELLEES

----------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 352-258353-12

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Walter Roy, pro se, an inmate at the O.B. Ellis Unit of the Texas Department of Criminal Justice, appeals from the trial court's order dismissing his suit with prejudice. In three issues, he contends that the trial court erred by (1)

---

[1]See Tex. R. App. P. 47.4.

dismissing his suit as frivolous under chapter 14 of the Texas Civil Practice and Remedies Code, (2) denying his motion for bench warrant, and (3) failing to rule on his motions for discovery and for default judgment. We affirm.

## II. Factual Background

Roy was convicted of two counts of attempted murder and two counts of engaging in organized crime and was sentenced to three twenty-year sentences and a life sentence. *Roy v. State*, 997 S.W.2d 863, 864 (Tex. App.—Fort Worth 1999, pet. ref'd); *see Roy v. Quarterman*, No. 4:06-CV-494-A, 2007 WL 142579, at *1 (N.D. Tex. Nov. 17, 2006). At trial, the jury heard evidence that Roy "shot Benjamin [Robles] and Paula [Lebron] with a firearm that is a deadly weapon, that he is a member of the Crips, a criminal street gang, and that when he shot them, [Roy] was acting with the intent to participate in organized criminal activity as a member of that gang." *Roy*, 997 S.W.2d at 868. The Honorable Robert Thornton, now deceased, presided over Roy's trial. The Honorable Tim Curry, now deceased, was the Tarrant County Criminal District Attorney at that time.

On July 29, 1999, this court affirmed Roy's conviction and sentence. *Roy*, 997 S.W.2d at 869. On November 22, 2000, Roy filed an application for an article 11.07 writ of habeas corpus with the Texas Court of Criminal Appeals. *Ex parte Roy*, No. WR-41,654-02. The court denied the application without an order. *Id.* Roy filed a second application, which was dismissed, on April 24, 2006. *Ex parte Roy*, No. WR-41,654-03. Roy then filed a petition for writ of

2

habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *Roy*, 2007 WL 142579, at *1. The court dismissed Roy's writ as time-barred. *Id.* at *2.

On March 12, 2012, Roy filed a "Due Course of Law Complaint" against Judge Thornton and Appellee Joe Shannon, the current Tarrant County District Attorney, in state district court, along with an application to proceed *in forma pauperis*. Roy claimed that (1) he should have been charged with aggravated assault instead of attempted murder; (2) he was wrongly charged with engaging in organized crime; (3) there was no evidence to support the organized crime conviction; (4) the trial court erred in permitting testimony about Roy's teardrop tattoo; (5) the photographic line-up was impermissibly suggestive; (6) the fingerprint and DNA evidence established Roy was never in possession of the gun used in committing the offense; (7) Roy's witnesses were denied the opportunity to testify; and (8) the State's witnesses were coached.

Roy sought a declaration that the acts and omissions described in his complaint violated his rights under the United States Constitution and the laws of the United States. He also requested a permanent injunction against Thornton and Shannon ordering them to admit that those acts and omissions violated Roy's due process rights and article 2.01 of the Texas Code of Criminal Procedure. Shannon was served, and he filed an answer and a motion to

dismiss pursuant to chapter 14 of the Texas Civil Practice and Remedies Code.[2]
*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (West 2002 & Supp. 2014).

While this case was pending in the trial court, Roy filed two writs of mandamus with this court, both of which were denied. *See In re Walter Roy*, No. 02-13-00178-CV, 2013 WL 2338707 (Tex. App.—Fort Worth May 30, 2013, orig. proceeding) (mem. op.); *In re Walter Roy*, No. 02-12-00494-CV, 2012 WL 6124962 (Tex. App.—Fort Worth Dec. 11, 2012, orig. proceeding) (mem. op.). Additionally, Roy filed several motions in the trial court, including a motion for bench warrant, a motion for discovery, and a motion for default judgment.

On March 4, 2013, the trial court denied Roy's motion for bench warrant and motion for discovery. The trial court granted Shannon's motion to dismiss with prejudice on June 20, 2013. This appeal followed.

### III. Dismissal Pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code

In his first issue, Roy argues that the trial court abused its discretion by dismissing his complaint as frivolous under chapter 14 because his claims have an arguable basis in law and fact. A trial court may dismiss an inmate's claim pursuant to chapter 14 upon finding that a lawsuit is malicious or frivolous. Tex.

---

[2]Roy never served Judge Thornton's estate or his personal representative, nor did his estate or personal representative make an appearance. Thus, Judge Thornton is not a party to this appeal.

Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).  In making this determination, the court may consider whether:

> (1)    the claim's realistic chance of ultimate success is slight;
>
> (2)    the claim has no arguable basis in law or in fact;
>
> (3)    it is clear that the party cannot prove facts in support of the claim; or
>
> (4)    the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

We review a dismissal under chapter 14 for an abuse of discretion.  *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).  "In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief."  *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g).

When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law.  *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.003; *Leachman*, 261 S.W.3d at 304.  "A claim has no arguable basis in law if it is an indisputably meritless legal theory."  *Leachman*, 261 S.W.3d at 304.  A claim also has no arguable basis in law if the inmate has failed to exhaust his

5

administrative remedies. *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Here, the trial court dismissed Roy's claims with prejudice. A dismissal with prejudice operates as if the case had been fully tried and decided. *Hamilton v. Pechacek*, 319 S.W.3d 801, 810 (Tex. App.—Fort Worth 2010, no pet.). When reviewing whether the trial court abused its discretion by dismissing claims with prejudice under chapter 14, we consider whether the inmate's error could be remedied with more specific pleading; if so, a dismissal under chapter 14 with prejudice is improper. *Id.*; *see also Leachman*, 261 S.W.3d at 306.

Shannon contends that dismissal with prejudice was proper because he was sued for acts committed in his official capacity as district attorney, and therefore, he is afforded absolute immunity. As the District Attorney of Tarrant County, Shannon is entitled to derived judicial immunity, a form of absolute immunity, for actions intimately associated with the judicial phase of the criminal process, including actions in connection with the prosecution of Roy. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 995 (1976) (recognizing that prosecutors have absolute immunity to suits under 42 U.S.C. § 1983); *Charleston v. Pate*, 194 S.W.3d 89, 91 (Tex. App.—Texarkana 2006, no pet.) (stating that district attorneys and prosecutors are absolutely immune when performing their prosecutorial functions). Therefore, unless an exception to Shannon's immunity claim exists, Roy's claim would have no arguable legal

6

basis and the realistic chance of ultimate success in such a proceeding would be extremely slight. *See Higgins v. Blount*, No. 07-12-00093-CV, 2013 WL 2244118, at *2 (Tex. App.—Amarillo May 17, 2013, pet. denied) (mem. op.).

Roy argues that because he is seeking declaratory and injunctive relief, not money damages, the *ultra vires* exception waives Shannon's immunity. Under this exception, immunity "does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368–69 (Tex. 2009). To invoke the *ultra vires* exception, Roy was required to show that the prosecutor acted without legal authority or failed to perform a purely ministerial act. *See id.* at 372.

Here, Roy is requesting a declaration that certain acts and omissions committed during his trial violated his rights under the United States Constitution and the laws of the United States and a permanent injunction against Shannon ordering him to admit that those acts and omissions violated his due process rights and article 2.01 of the Texas Code of Criminal Procedure. Roy is seeking retrospective declaratory relief that certain past acts and omissions violated his constitutional rights and the laws of the United States. Further, to the extent that Roy's request for relief appears to request prospective injunctive relief, he is seeking a future admission that past acts and omissions were committed. Although the *ultra vires* exception to governmental immunity permits prospective

7

declaratory and injunctive relief, it does not permit relief for acts and omissions Roy believes were already committed. *See Higgins*, 2013 WL 2244118, at *3 (citing *Heinrich*, 284 S.W.3d at 374–77).

Shannon is entitled to derived immunity because he acted in his official governmental capacity. *See Charleston*, 194 S.W.3d at 91. Moreover, for the reasons stated above, the *ultra vires* exception does not apply. *See Higgins*, 2013 WL 2244118, at *3. Thus, we conclude that Roy's claim lacks an arguable legal basis because he requests retrospective declaratory relief and prospective injunctive relief for past acts and omissions. *See id.* Further, because Roy's claim relies upon an indisputably meritless legal theory, Roy cannot remedy this deficiency by amending his pleadings. *See Hamilton*, 319 S.W.3d at 810. Therefore, we hold that the trial court did not abuse its discretion by granting Shannon's chapter 14 motion and dismissing Roy's claim with prejudice. Accordingly, we overrule Roy's first issue.

## IV. Access to Court

In his second issue, Roy argues that the trial court abused its discretion by denying his request for a bench warrant or, in the alternative, his request to participate by telephone. Specifically, Roy asserts that the trial court abused its discretion by not allowing him to attend hearings that occurred on March 4, 2013, April 5, 2013, May 5, 2013, and June 6, 2013. Because the only two hearings held in this case occurred on March 1, 2013, and April 5, 2013, we construe

8

Roy's second issue as a complaint that the trial court abused its discretion by not allowing him to attend those hearings.

We review the trial court's ruling on Roy's motion for an abuse of discretion. *See In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003) (holding that a trial court did not abuse its discretion by denying a request for bench warrant because inmate failed to meet his burden of justifying the need for his presence at trial); *Ringer v. Kimball*, 274 S.W.3d 865, 868–69 (Tex. App.—Fort Worth 2008, no pet.) (holding that the trial court did not abuse its discretion when denying inmate's request for bench warrant, or in the alternative, request to appear by video conference because inmate failed to carry his burden); *In re D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.) (holding that a trial court abuses its discretion when it fails to consider inmate's participation by alternative means). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

At a non-evidentiary, pre-trial hearing on March 1, 2013, the trial court took Roy's motion for bench warrant and motion for discovery under submission without oral argument. The trial court denied both motions. At a non-evidentiary

hearing on April 5, 2013, the trial court heard Shannon's motion to dismiss Roy's suit by submission without oral argument. The trial court granted the motion.

The law governing inmate bench warrant requests is well established. *Z.L.T.*, 124 S.W.3d at 165–66. While an inmate does not have an absolute right to appear in person at every court proceeding, he cannot be denied access to the courts simply because he is an inmate. *Id.* at 165. "[T]he inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Id.*

There are "a variety of factors the trial courts should consider when deciding whether to grant an inmate's request for a bench warrant," or to appear by alternative means, including: (1) the cost and convenience of transporting the inmate to the court; (2) the security risk and potential danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and creditability compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Z.L.T.*, 124 S.W.3d at 165–66; *see Ringer*, 274 S.W.3d at 869; *D.D.J.*, 136 S.W.3d at 311–12. Further, an inmate requesting a bench

warrant or to appear by other means bears the burden to identify with sufficient specificity the grounds establishing his right to relief. *See Ringer*, 274 S.W.3d at 868–69; *see also Z.L.T.*, 124 S.W.3d at 166 (explaining that a litigant's status as an inmate does not alter his burden to establish a right to relief). An inmate must provide "factual information showing why his interest in appearing outweigh[s] the impact on the correctional system." *Z.L.T.*, 124 S.W.3d at 166.

Here, Roy provided no factual information to enable the court to balance the factors referenced in *Z.L.T.* In his motion, Roy "request[ed] the court . . . issue a warrant from the sheriff of Tarrant County or by telephone so that [he] may give . . . testimony and to assure [himself] a fair proceeding." The only factual information in Roy's motion for bench warrant is that he is incarcerated in the O.B Ellis Unit in Huntsville, Walker County, Texas. He provided no factual information in support of his request to testify or to be assured of a fair trial. He did not explain what his testimony would establish at a non-evidentiary submission hearing, why his testimony would be helpful, or how he would be harmed by not attending the hearing in person or, in the alternative, by telephone. Therefore, Roy did not meet his burden to establish his right to relief. *See Z.L.T.*, 124 S.W.3d at 166.

A trial court's decision to grant an inmate's request to appear by alternative means is grounded in "[t]he right of a prisoner to have access to the courts[,] [which] entails not so much his personal presence as the opportunity to present

11

evidence or contradict the evidence of the opposing party." *D.D.J.*, 136 S.W.3d at 314 (quoting *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved in part on other grounds by Z.L.T.*, 124 S.W.3d at 166). Roy's appearance at the hearings in question would not have affected his ability to participate effectively because of the non-evidentiary nature of the proceedings and because the trial court considered the motions by submission without oral argument. *See Hamilton*, 319 S.W.3d at 808. Because Roy did not meet his burden, we hold that the trial court did not abuse its discretion by denying Roy's request for a bench warrant to appear in person, or in the alternative, by telephone. Accordingly, we overrule Roy's second issue.

## V. Chapter 14 Discovery

In his third issue, Roy argues that the trial court abused its discretion by denying his motion for discovery and by failing to rule on his motion for default judgment.

Roy filed his "Due Course of Law Complaint" on March 12, 2012. On April 12, 2012, Roy served Shannon with a request for admissions and filed a motion for discovery requesting (1) transcripts from his grand jury proceedings and (2) all of the evidence that was used at trial. On April 13, 2012, Shannon filed an answer to Roy's complaint and a motion to dismiss Roy's suit pursuant to chapter 14. When Shannon failed to answer the request for admissions, Roy filed a motion for default judgment based upon the assumption that the admissions

12

were deemed admitted by Shannon's failure to answer within thirty days of service.  *See* Tex. R. Civ. P. 198.2(a), (c), 198.3.

Once a motion to dismiss under chapter 14 is filed, a trial court is required to "suspend discovery relating to the [inmate's] claim pending the hearing."  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(d).  Because a motion to dismiss under chapter 14 automatically suspends discovery, the trial court did not abuse its discretion by denying Roy's motion for discovery or by failing to rule on his motion for default judgment.  *See Pohl v. Livingston*, No. 03-06-00625-CV, 2008 WL 974785, at *2 (Tex. App.—Austin Apr. 10, 2008, no pet.) (mem. op.) (holding trial court did not err by suspending discovery in light of section 14.003(d)'s automatic suspension of discovery).  Accordingly, we overrule Roy's third issue.

## VI. Conclusion

Having overruled each of Roy's three issues, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED:  August 21, 2014

13