

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00373-CV

Carissa L. **BEENE**,
Appellant

v.

Keith **HENNEKE** and David Escamilla,
Appellees

From the 425th Judicial District Court, Williamson County, Texas
Trial Court No. 18-1071-C425
Honorable David Peeples, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Luz Elena D. Chapa, Justice
                  Irene Rios, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: March 11, 2020

AFFIRMED

This is an appeal of a trial court's order dismissing the underlying cause pursuant to the

Texas Citizens Participation Act (TCPA). On appeal, Carissa L. Beene asserts the trial court erred

by: (1) concluding the TCPA applied to her claims; and (2) concluding the appellees established

the defense of absolute prosecutorial immunity. We affirm the trial court's order.

### BACKGROUND

On September 20, 2017, the Honorable Paul Davis signed an order holding attorney Adam

Reposa in contempt of court based on his actions during jury selection in a criminal trial in a Travis

County court at law. Special Prosecutor Keith Henneke was appointed by Travis County Attorney David Escamilla to represent the State in the contempt proceeding.

On October 9, 2017, Beene, who is an attorney and represented Reposa in the contempt proceeding, filed an application for writ of habeas corpus in a district court in Williamson County challenging the validity of the contempt judgment. On October 12, 2017, the State, represented by Escamilla and Henneke, filed a petition for writs of prohibition and mandamus in the Third Court of Appeals. The petition challenged the jurisdiction of the Williamson County district court to consider a habeas application relating to a contempt judgment entered by a Travis County court. That same day, the Third Court of Appeals granted an emergency stay and stayed all proceedings in the Williamson County habeas proceeding.

On November 14, 2017, Beene filed a second application for writ of habeas corpus on behalf of Reposa in a different district court in Williamson County. On November 17, 2017, the trial judge assigned to preside over the second habeas application held a hearing and signed an agreed order for emergency bond. The evidence is conflicting with regard to whether the trial judge was informed of the stay imposed by the Third Court of Appeals.

On November 17, 2017, the State, represented by Escamilla and Henneke, filed an emergency motion for stay and motion for show cause hearing in the original proceeding still pending in the Third Court of Appeals. The Third Court of Appeals stayed the second habeas proceeding and ordered Beene to appear and show cause why she should not be held in contempt of court. Prior to the show cause hearing, Henneke, acting on behalf of the State, filed the affidavit

of the trial judge who signed the agreed order for emergency bond. In the affidavit, the trial judge stated he was not informed of the stay previously imposed by the Third Court of Appeals.[1]

On September 28, 2018, Beene[2] filed the underlying lawsuit against Escamilla and Henneke alleging claims for abuse of process and libel.[3] On November 30, 2018, Escamilla and Henneke filed a motion to dismiss pursuant to the TCPA. On January 25, 2019, the trial court held a hearing on the motion. After considering additional briefing filed after the hearing, the trial court signed an order on February 25, 2019, granting the motion to dismiss which contained the following rulings:

1. The TCPA applies to this case.
2. This case arose from an underlying contempt matter in which Escamilla is the Travis County Attorney and defendant Henneke had been acting as a duly authorized special assistant county attorney.
3. Defendants have established the defense of absolute immunity.
4. The case is dismissed with prejudice pursuant to the TCPA.

The trial court also ordered Beene to pay $9,240.53 in attorney's fees.

### TEXAS CITIZENS PARTICIPATION ACT AND STANDARD OF REVIEW

A party in a legal action that "is based on, relates to, or is in response to a party's exercise of the . . . right to petition" may move for dismissal under the TCPA. Act of May 18, 2011, 82nd Leg., ch. 341, § 2, R.S., 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE § 27.003(a)).[4] "Dismissal requires two steps." *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019). "First, the party moving for dismissal must show, by a preponderance of the evidence, that the 'legal action is based on, relates to, or is in response

---

[1] Beene filed three affidavits, including her own, stating the trial judge was informed. Beene also stated in her affidavit that the second habeas application challenged the writ of attachment resulting in Reposa's arrest, and she believed that challenge was independent of the challenge to the validity of the contempt judgment in the initial habeas application.
[2] The original petition was filed by Reposa as Beene's attorney; however, Reposa filed a motion to withdraw as Beene's attorney on January 18, 2019.
[3] Beene also sued three justices of the Third Court of Appeals who she later non-suited.
[4] The 2019 amendments are not applicable to the underlying cause which was filed in 2018.

to [the movant]'s exercise of the right'" to petition. *Id*. (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a)). "The burden then shifts to the plaintiff to establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id*. (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)). If the Act applies and the plaintiff establishes a prima facie case, the trial court must still dismiss the suit if the defendant establishes each essential element of a valid defense to the plaintiff's claims by a preponderance of the evidence. *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d)).

We review whether the parties met or failed to meet their burdens of proof de novo. *Id*. In our review, however, "[w]e view the pleadings and evidence in the light most favorable to the nonmovant." *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied).

**RIGHT TO PETITION**

In her first issue, Beene contends the trial court erred in concluding the TCPA applied to her claims, asserting the affidavit of the trial judge was not a communication by Escamilla and Henneke; therefore, her claims were not based on, related to, or in response to their exercise of the right to petition.

The "exercise of the right of petition" includes "a communication in or pertaining to a judicial proceeding" or a communication made in connection with an issue under judicial review. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i), (B). "A 'communication' is broadly defined as 'the making or submitting of a statement or document in any form or medium.'" *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(1)). In fact, the Texas Supreme Court has described the definition of the "exercise of the right of petition" as being "expansive." *Id*.

"Courts must adhere to legislative definitions of terms when they are supplied." *Id*. "Substituting the statutory definitions for the defined terms, we see that the TCPA applies to a legal action against a party that is based on, related to, or in response to the party's making or submitting of a statement or document in or pertaining to a judicial proceeding." *Id*.

Here, the affidavit of the trial judge was a document Escamilla and Henneke submitted to the Third Court of Appeals pertaining to an original proceeding pending before that court. Beene cites no case law to support her contention that the communication must be a communication by the defendant rather than a communication by a third party that a defendant submits pertaining to a judicial proceeding. Accordingly, adhering to the legislative definitions set forth in the TCPA, we hold Escamilla and Henneke were exercising their right to petition in submitting the trial judge's affidavit to the Third Court of Appeals.

### ABSOLUTE IMMUNITY

In her second issue, Beene contends the trial court erred in concluding Escamilla and Henneke established absolute immunity as a valid defense "because 1) they were not prosecuting a criminal action and arguably had no role at all at the show cause hearing, 2) they were acting as investigators rather than prosecutorial function [sic], and 3) they were acting as [sic] the role of a witness."

"District attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions." *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006, no pet.). "This immunity protects not only chief prosecutors, but also their assistants who perform prosecutorial functions." *Id*.

"The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties." *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Gentry v. Smith*, No. 05-18-

01181-CV, 2019 WL 4033947, at *3 (Tex. App.—Dallas Aug. 27, 2019, no pet. h.) (mem. op.) (noting Texas courts follow federal jurisprudence in construing the doctrine of absolute prosecutorial immunity). "These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423. For these reasons, a prosecutor has absolute immunity for activities that are an "integral part of the judicial process." *Id.* at 430 (internal quotation marks omitted). Stated differently, prosecutorial functions to which absolute immunity applies are those "intimately associated with the judicial process." *Charleston*, 194 S.W.3d at 90 (internal quotation marks omitted). And, "[a]bsolute immunity protects a prosecutor even if the prosecutor acts in bad faith or with ulterior motives, so long as he or she acts within the scope of his or her prosecutorial functions." *Id*.

Beene first contends absolute prosecutorial immunity is not a valid defense against her claims because Escamilla and Henneke "were not prosecuting a criminal action and arguably had no role at all at the show cause hearing." First, we disagree Escamilla and Henneke had no role in the show cause hearing. They filed the motion for show cause hearing on behalf of the State based on the stay they previously obtained on behalf of the State in the pending original proceeding.[5] Next, we reject Beene's argument that Escamilla and Henneke were required to be "prosecuting a criminal action" in order to establish the defense. First, filing affidavits in furtherance of a pending motion is an integral part of and intimately associated with the judicial process. *See Imbler*, 424

---

[5] A prosecutor's conduct in handling original proceedings relating to a criminal contempt proceeding is entitled to the same immunity applicable to a prosecutor's conduct in handling appeals. *See Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (holding prosecutorial immunity applies to prosecutor's conduct in handling appeals). As the Fifth Circuit has noted, "[f]ear of civil liability could hinder a prosecutor's judgment in conducting a case at the appellate level as well as at the trial level." *Id.*

U.S. 430; *Charleston*, 194 S.W.3d at 90. In addition, the motion was filed in support of a motion to show cause why Beene should not be held in contempt, and our sister courts have held actions taken by prosecutors relating to contempt proceedings are prosecutorial functions entitled to absolute immunity. *See Hesse v. Howell*, No. 07-16-00453-CV, 2018 WL 2750005, at *1-2, 7 (Tex. App.—Amarillo June 7, 2018, pet. denied); *Hawkins v. Walvoord*, 25 S.W.3d 882, 892 (Tex. App.—El Paso 2000, pet. denied). As the El Paso court explained, "contempt proceedings are quasi-criminal in nature" and "conform to criminal procedures." *Hawkins*, 25 S.W.3d at 892. Finally, we note the original proceeding in which the affidavit was filed challenged habeas relief sought in regard to a contempt judgment which arose from actions taken during a pending criminal trial. *See Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018) ("If the prosecutor continues his role as an advocate, absolute immunity extends to conduct during post-conviction proceedings.").

Beene also argues Escamilla and Henneke were acting as investigators or complaining witnesses in filing the affidavit. The Fifth Circuit, however, has recognized "the broad scope of absolute prosecutorial immunity may even reach an *apparently* . . . investigative function if that function requires legal knowledge and the exercise of related discretion." *Moon*, 906 F.3d at 359 (internal quotation marks omitted, emphasis in original). Furthermore, actions taken to enforce a court order, like the stay granted by the Third Court of Appeals, have been held to be prosecutorial because they are intrinsically associated with a judicial proceeding. *See Mays v. Sudderth*, 97 F.3d 107, 112 (5th Cir. 1996). Finally, the affidavit was an integral part of the pending contempt hearing. *See Imbler*, 424 U.S. at 423; *see also Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989) (holding prosecutor entitled to full prosecutorial immunity relating to decision to bring contempt proceedings and participation in those proceedings).

## CONCLUSION

Because we hold the TCPA applied to the underlying legal action and Escamilla and Henneke established a valid defense, we affirm the trial court's order.

Liza A. Rodriguez, Justice