ACCEPTED
13-15-00216-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/27/2015 10:12:02 AM
CECILE FOY GSANGER
CLERK

## CAUSE NO. 13-15-00216-CV

_____

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/27/2015 10:12:02 AM
CECILE FOY GSANGER
Clerk

**IN THE COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG**

_____

## TIMOTHY HAYS v. CHIEF CAMPOS, ET AL

_____

Appeal from the District Court, 135th Judicial District,
DeWitt County, Texas
Cause Number 15-02-23,318

_____

**BRIEF OF APPELLEE,
DEWITT COUNTY, TEXAS DISTRICT ATTORNEY
MICHAEL SHEPPARD**

_____

CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
Casey T. Cullen
State Bar No. 24073121
Ann LaMantia Cullen
State Bar No. 24078818
P. O. Box 2938
Victoria, Texas  77902
Tel:  (361) 573-6318
Fax:  (361) 573-2603

*Attorneys for Appellee, DeWitt County, Texas District Attorney Michael Sheppard*

# IDENTITY OF PARTIES AND COUNSEL

Parties before the Trial Court:

Appellant:   Timothy Hays

Appellees:   DeWitt County, Texas District Attorney Michael Sheppard
City of Yorktown, Texas Chief of Police Paul Campos
City of Yorktown, Texas Police Department Sergeant Ernesto Garcia, Jr.

Trial and Appellate Counsel for Appellant:

Pro Se

Trial and Appellate Counsel for Appellee DeWitt County, Texas District Attorney Michael Sheppard:

Casey T. Cullen
Ann LaMantia Cullen
Cullen, Carsner, Seerden & Cullen
119 S. Main St.
P.O. Box 2938
Victoria, TX 77901

Trial and Appellate Counsel for Appellees City of Yorktown, Texas Chief of Police Paul Campos and City of Yorktown, Texas Police Department Sergeant Ernesto Garcia:

Charles S. Frigerio
Hector X. Saenz
Law Offices of Charles S. Frigerio, P.C.
Riverview Towers
111 Soledad, Suite 840
San Antonio, TX 78205

## II.
## <u>TABLE OF CONTENTS</u>

I.     IDENTITY OF PARTIES AND COUNSEL ................................................ i

II.    TABLE OF CONTENTS ........................................................................ ii

III.   INDEX OF AUTHORITIES ................................................................. iv

IV.   STATEMENT OF THE CASE/STATEMENT OF FACTS ..........................1

V.    STATEMENT ON ORAL ARGUMENT…………………………..……..3

VI.   STATEMENT OF THE ISSUES ...........................................................4

    A. Whether the trial court had jurisdiction over Appellant's claims.

    B. Whether the trial court abused its discretion in its denying of Appellant's *Motion for Bench Warrant*.

VII.  SUMMARY OF THE ARGUMENT ........................................................5

VIII. ARGUMENT.......................................................................................11

    A. All statements in Appellant's Brief which are neither supported by or reference the record or legal authority should be struck and/or disregarded……………………………………………………….. 11

    B. The Trial Court did not have jurisdiction over Appellant's claims.

       1. Standard of review.........................................................................11

       2. Appellant's burden of pleading jurisdiction.....................................12

       3. Appellee DeWitt County District Attorney Michael Sheppard was entitled to absolute prosecutorial immunity and, as such, the trial court lacked jurisdiction .......................................................12

4. Alternatively, Appellee DeWitt County District Attorney Michael Sheppard is entitled to sovereign/governmental immunity and, as such, the trial court lacked jurisdiction ................15

    *a. Appellant's Theft, Conversion and Fraud Claims*...................15

    *b. Appellant's RICO Claim*...............................................18

5. Alternatively, Appellant failed to provide adequate notice pursuant to the Texas Tort Claims Act and, as such, the trial court lacked jurisdiction ..................................................19

C. The Trial Court did not abuse its discretion in denying Appellant's Motion for Bench Warrant.

    1. Standard of Review ..........................................................20

    2. The trial court did not abuse its discretion in denying Plaintiff's Motion for Bench Warrant ……………………………........………21

IX.    PRAYER…………………………………………………..24

X.    CERTIFICATE OF COMPLIANCE…………………….....…………25

XI.    CERTIFICATE OF SERVICE…………………………………... ..25

III.
# INDEX OF AUTHORITIES

## Cases:

*Bland Indep. Sch. Dist. v. Blue,*
     34 S.W.3d 547 (Tex. 2000).....………………………………………..11

*Buchanan v. Cooley*,
     No. 11-11-00129-CV, 2012 WL 760872 (Tex.App.—Eastland 2012, pet.
     denied)……..…………………………………..……………5, 6, 7, 14

*Charleston v. Pate*,
     194 S.W.3d 89 (Tex.App.—Texarkana 2006, no pet.)……..……….6, 12, 14

*Chaz Constr., LLC v. Codell,*
     137 Fed. Appx. 735 (6th Cir. 2005) (not designated for publication) …….18

*Clawson v. Wharton Cnty.,*
     941 S.W.2d 267 (Tex.App.—Corpus Christi 1996, writ denied) …..……...13

*Concho Residential Servs., Inc. v. MHMR Servs. for Concho Valley,*
     No. 03–9800022–CV, 1999 WL 644727 (Tex.App.—Austin 1999, pet.
     denied)……..………………………………………..…………………..7, 18

*Dallas Area Rapid Transit v. Whitley*,
     104 S.W. 3d 540 (Tex. 2003)…………………………………….........5

*Dallas County Mental Health & Mental Retardation v. Bossely*,
     968 S.W.2d 339 (Tex. 1998) ……………………………………………...17

*Downer v. Aquamarine Operators, Inc.,*
     701 S.W.2d 238 (Tex.1985) …………………………………..……...21

*Franka v. Velasquez*,
     332 S.W.3d 367 (Tex. 2011) ……………………………..……....15, 16

*Goodman v. Harris County*,
     571 F.3d 388 (5th Cir. 2009)..……………………………………16, 20

*Hafer v. Melo,*
     502 U.S. 21 (1991)……………………………………………………16, 20

*Hudson v. Palmer,*
     468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)…………………...21

*Imbler v. Pachtman,*
     424 U.S. 409 (1976)……………………………………….…6, 12, 13, 14

*In re K.G.S.,*
     No. 14-12-00673-CV, 2014 WL 801127 (Tex.App.—Houston [14[th] Dist.]
     2014, no pet.)…………..…..………………………………..…..7, 18

*In re Z.L.T., J.K.H.T., and Z.N.T.,*
     124 S.W.3d 163 (Tex.2003)……………………………7, 8, 9, 10, 20, 21, 22

*Jackson v. Neal,*
     No. 13-07-00164-CV, 2009 WL 140507 (Tex.App.—Corpus Christi 2009,
     no pet.)……………………………………………………………21, 22

*Kentucky v. Graham,*
     473 U.S. 159 (1985)……………………………………………….....16

*Lamar Univ. v. Doe,*
     971 S.W.2d 191 (Tex.App.—Beaumont 1998, no pet.)…………………...17

*Lesher v. Coyel,*
     435 S.W.3d 423, 430 (Tex.App.—Dallas 2014, reh'g overruled (July 29,
     2014))……………………………………………….…………...12

*Monell v. Dept. of Soc. Serv.'s of City of New York,*
     436 U.S. 658 (1978)…………………………….……...……...16

*Nance v. Nance,*
     904 S.W.2d 890 (Tex.App.—Corpus Christi 1995, no writ)……………...21

*Pedraza v. Crossroads Sec. Sys.,*
     960 S.W.2d 339 (Tex.App.—Corpus Christi 1997, no pet.)….8, 9, 20, 21,
                                            22, 23

*Reata Constr. Corp. v. City of Dallas,*
    197 S.W.3d 371 (Tex.2006)……………………………..……………5, 6, 7, 14

*Sanders v. English,*
    950 F.2d 1152 (5th Cir.1992)……………………………………………16, 20

*Sierra v. City of Pharr,*
    No. 13-14-00425-CV, 2015 WL 2452707 (Tex.App.—Corpus Christi 2015,
    no pet.)...……………………………………………………………5, 11, 12

*State v. Kreider,*
    44 S.W.3d 258 (Tex.App.—Fort Worth 2001, no pet. h)…………..……...17

*State v. Seventeen Thousand Two Hundred Seventy Dollars In U.S.,*
    No. 01-99-00213-CV, 2000 WL 124689 (Tex.App.—Houston[1st]
    2000, pet. denied)……..……………………………….………...6, 14

*Tex. Dep't of Criminal Justice v. Miller,*
    51 S.W.3d 583 (Tex. 2001)……………………………………………...17

*Tex. Dep't of Parks & Wildlife Dep't v. Garrett Place, Inc.,*
    972 S.W.2d 140 (Tex.App.—Dallas 1998, no pet.)…….……….……...17

*Tex. Dep't of Parks & Wildlife v. Miranda,*
    133 S.W.3d 217 (Tex. 2004)……..………………….5, 6, 7, 11, 12, 15, 16

*Tex. Dep't of Parks & Wildlife Dep't v. Morris,*
    129 S.W.3d 804 (Tex.App.–Corpus Christi 2004, no pet.)…………5, 11, 12

*Tex. Dep't of Transp. v. Ramirez,*
    74 S.W.3d 864 (Tex. 2002) (per curiam)…….……………………….5, 12

**Statutes and Secondary Sources:**

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 and § 101.025(a)
    (Vernon 2013)……………………...….…………….…………6, 16, 17

TEX. CIV. PRAC. & REM. CODE ANN. § 101.057
    (Vernon 2013)………………………………………………...…6, 17

TEX. CIV. PRAC. & REM. CODE § 101.101
    (Vernon 2013)……………………………………...…………6, 15, 19, 20

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f)
    (Vernon 2013)………………………………...……………………..6, 15, 16

TEX. CRIM. PROC. CODE ANN. § 59.01-.06 (Vernon 2013)...............................13, 14

TRAP 38.1(g) & (i)……………………..........................................................3, 10

**References in Appellee's Brief:**

"C.R."—Trial Court's Clerk's Record

"R.R."—Trial Court's Reporter's Record

## STATEMENT OF THE CASE/STATEMENT OF FACTS

Appellant is an inmate and filed this case pro se. C.R. at 6-9. The factual background of the case is as follows: on or about February 20, 2012, Appellant was arrested on felony charges of manufacturing or delivering a controlled substance by the City of Yorktown, Texas Police Department. C.R. at 6-9. He was convicted and sentenced to 14 years at TDCJ. At the time of his arrest, his truck and other personal property were lawfully seized by the Yorktown Police Department and were lawfully disposed of by the DeWitt County District Attorney's Office in accordance with the asset forfeiture statues of the State of Texas. C.R. at 6-9 & 24-30. Michael Sheppard ("Appellee") is the DeWitt County District Attorney. C.R. at 6-9 & 24-30. Appellant alleges that Appellee, while working within the course and scope of his employment as District Attorney for DeWitt County, Texas, committed theft, conspiracy to commit theft, conversion, fraud, conspiracy to commit fraud and violation of the RICO act. C.R. at 6-9. Appellant's allegations all stem from Appellant's felony arrest and subsequent prosecution and lawful asset forfeiture of Appellant's personal property. C.R. at 6-9 & 24-30.

Appellee moved the trial court to dismiss Appellant's claims on the basis that the trial court did not have jurisdiction over said claims. C.R. at 24-30. Specifically, Appellee contends that since Appellant's claims against Appellee

1

arise out of Appellee's fulfillment of his prosecutorial functions as DeWitt County District Attorney, Appellee is entitled to absolute prosecutorial immunity. C.R. at 24-30. In addition, to the extent Appellant brings tort claims and claims under RICO Act against Appellee, Appellee's sovereign/governmental immunity has not been waived and, as such, Appellant's claims fail. C.R. at 24-30. The trial court agreed with Appellee and found that since Appellee is entitled to absolute prosecutorial immunity and sovereign/governmental immunity, the trial court lacks jurisdiction over Appellant's claims. C.R. at 60.

In addition, Appellant filed a *Motion for Bench Warrant or in Lieu of Such Telephone Conference so Plaintiff May Attend Hearing to Dismiss for a Level Playing Field* ("*Motion for Bench Warrant*") which was denied by the trial court. C.R. at 43.

With regard to Appellant's Brief on the issue of qualified immunity, Appellee informs this Honorable Court of Appeals that Appellee did not seek dismissal of Appellant's claims in the trial court on the grounds of qualified immunity. C.R. at 24-30. Nor did the trial court make a ruling on Appellee's entitlement to qualified immunity. C.R. at 60. As such, Appellant's appeal as it pertains to this Appellee has nothing to with the issue of qualified immunity.

# V.
## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to Texas Rules of Appellate Procedure 38.1(e), Appellee does not request oral argument. Appellee does not believe that oral argument is necessary due to the straightforward arguments made in this Appellee's Brief. But, if the Court grants oral argument, Appellee would like to participate.

## VI.
## **STATEMENT OF THE ISSUES**

A. Whether the trial court had jurisdiction over Appellant's claims?

B. Whether the trial court abused its discretion in its denying of Appellant's *Motion for Bench Warrant*?

## VII.
## <u>SUMMARY OF THE ARGUMENT</u>

*A. The trial court did not have jurisdiction over Plaintiff's claims*

It is well established law that a plaintiff's pleadings must affirmatively demonstrate a trial court's subject-matter jurisdiction over a claim against a governmental entity (or official) by alleging a valid waiver of immunity. *Sierra v. City of Pharr*, No. 13-14-00425-CV, 2015 WL 2452707, at \*2 (Tex.App.—Corpus Christi 2015, no pet.); *Dallas Area Rapid Transit v. Whitley*, 104 S.W. 3d 540, 542 (Tex. 2003); *Tex. Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex. 2002) (per curiam); *Tex. Dep't of Parks & Wildlife Dep't v. Morris, 1*29 S.W.3d 804, 807 (Tex.App.–Corpus Christi 2004, no pet.). It is also well established law that a governmental entity or official's immunity (absolute or sovereign/governmental) from suit deprives a trial court of subject-matter jurisdiction. *Buchanan v. Cooley*, No. 11-11-00129-CV, 2012 WL 760872, at \*2 (Tex.App.—Eastland 2012, pet. denied); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex.2006); *Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225-226 (Tex. 2004).

Here, Appellant's claims stem from the DeWitt County District Attorney's Office's lawful pursuit of asset forfeiture proceedings against Appellant and Appellant's personal property. C.R. at 6-9 & 24-30. The DeWitt County District Attorney's Office's pursuit of asset forfeiture proceedings was a prosecutorial

5

function of the DeWitt County District Attorney's Office. *State v. Seventeen Thousand Two Hundred Seventy Dollars In U.S.,* No. 01-99-00213-CV, 2000 WL 124689, at *4 (Tex.App.—Houston[1ˢᵗ] 2000, pet. denied). It is well established law in Texas that District Attorneys are absolutely immune from liability when performing their prosecutorial functions. *Charleston v. Pate*, 194 S.W.3d 89 (Tex.App.—Texarkana 2006, no pet.); *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976). It is undisputed that Appellee is the DeWitt County District Attorney. C.R. at 6-9 & 24-30. Also, it is undisputed that Appellee initiated asset forfeiture proceedings against Appellant's personal property. C.R. at 6-9 & 24-30. As such, Appellee is entitled to absolute immunity to all of Appellant's claims against him. C.R. at 24-30. Since Appellee is entitled to absolute immunity (no waiver has occurred), the trial court lacks of subject-matter jurisdiction over Appellant's claims and Appellant's appeal should be denied. *Buchanan*, No. 11-11-00129-CV, 2012 WL 760872, at *2; *Reata Constr. Corp.,* 197 S.W.3d at 374; *Miranda*, 133 S.W.3d at 225-226.

Alternatively, with regard to Appellant's tort claim, (theft, conversion, fraud), they are all intentional torts and fall outside the Texas Tort Claims Act limited waiver of immunity for tort claims against governmental entities/officials. C.R. at 24-30; TEX. CIV. PRAC. & REM. CODE ANN. 101.021, .025(a), .057, .101(a)&(c), .106(f). As such, there has been no wavier of Appellee's

sovereign/governmental immunity for Appellant's tort claims. *Id.* Since there has been no waiver of immunity, Appellee is entitled to sovereign/governmental immunity and the trial court lacks subject-matter jurisdiction. *Buchanan*, No. 11-11-00129-CV, 2012 WL 760872, at *2; *Reata Constr. Corp.,* 197 S.W.3d at 374; *Miranda*, 133 S.W.3d at 225-226. Thus, Appellant's appeal should be denied.

Lastly, with regard to Appellant's RICO claim, Appellee is entitled to sovereign/governmental immunity. The legislature does not provide a waiver of Appellee's sovereign/governmental immunity for RICO claims. *In re K.G.S.,* No. 14-12-00673-CV, 2014 WL 801127, at *5 (Tex.App.—Houston [14th Dist.] 2014); *Concho Residential Servs., Inc. v. MHMR Servs. for Concho Valley,* No. 03–9800022–CV, 1999 WL 644727, at *6 (Tex.App.—Austin 1999, pet. denied) (mem. op., not designated for publication). Since the RICO Act does not waive Appellee's sovereign/governmental immunity, Appellant has failed to affirmatively plead a demonstration of the trial court's subject-matter jurisdiction and, as such, the trial court lacks subject-matter jurisdiction. *Buchanan*, No. 11-11-00129-CV, 2012 WL 760872, at *2; *Reata Constr. Corp.,* 197 S.W.3d at 374; *Miranda*, 133 S.W.3d at 225-226. Therefore, Appellant's appeal should be denied.

B.    *The trial court did not abuse its discretion in denying Appellant's Motion for Bench Warrant.*

Although an inmate cannot be denied access to courts, an inmate does not have an absolute right to appear in person in civil proceeding. *In re Z.L.T.,*

7

*J.K.H.T., and Z.N.T.,* 124 S.W.3d 163, 165 (Tex.2003)*; Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no pet.). It is in the trial court's discretion to permit an inmate to attend a court proceeding in person. *Z.L.T.,* 124 S.W.3d at 165, *Pedraza,* 960 S.W.2d at 342. The Supreme Court has identified several factors that a trial court should consider when deciding whether to grant a request for a bench warrant (1) the cost and inconvenience of transporting the prisoner to the courtroom; (2) the security risk the prisoner presents to the court and public; (3) whether the prisoner's claims are substantial; (4) whether the matter's resolution can reasonably be delayed until the prisoner's release; (5) whether the prisoner can and will offer admissible, noncumulative testimony that, cannot be effectively presented by affidavit or some other means; (6) whether the prisoner's presence is important in judging his demeanor and credibility; and (7) the prisoner's probability of success on the merits. *Z.L.T.,* 124 S.W.3d at 165; *Pedraza,* 960 S.W.2d at 342. It is important to note that the trial court has no responsibility to independently inquire into the applicability of the factors; rather, the inmate has the burden to establish his right to relief. *Z.L.T.,* 124 S.W.3d at 166. If the inmate fails to identify with sufficient specificity the grounds for the ruling he seeks under the factors identified above, the trial court does not abuse its discretion in denying his request. *Id.*

Here, the trial court denied Appellant's *Motion for Bench Warrant* and ruled on Appellee's *Motion to Dismiss for Lack of Jurisdiction (Plea to the Jurisdiction)*. C.R. at 68-69. Not only did the trial court impliedly find that Appellant has failed to establish his burden that he was entitled to a bench warrant, the trial court also entered an order denying Appellant's Motion for Bench Warrant in which it found that there was undue and unnecessary cost and inconvenience associated with transporting Appellant to the courtroom to personally appear at the proceeding, Appellant's claims were not substantial, Appellant would not offer admissible noncumulative testimony that could not have been effectively presented through affidavits, Appellant's presence at hearing was not important in judging Appellant's demeanor and credibility and lastly Appellant had no probability of success on the merits of his claims. C.R. at 68-69.

Based on Appellant's M*otion for Bench Warrant* and the trial court's ruling, it is clear that Appellant failed to meet his burden of establishing any of the factors set out in *Z.L.T.* as to why his appearance at the hearing on Appellee's *Motion to Dismiss for Lack of Jurisdiction* was necessary. C.R. at 68-69. Appellant's *Motion for Bench Warrant* contains no information by which the trial court could assess the necessity of his appearance at the hearing. C.R. at 43 & 68-69. Appellant's *Motion for Bench Warrant* contains no basis or argument for granting the motion. *Pedraza,* 960 S.W.2d at 342. It does not reference any of the factors

9

identified in *Z.L.T.* *Z.L.T.,* 124 S.W.3d at 165-66. As such, the trial court did not abuse its discretion in denying Appellant's *Motion for Bench Warrant*.

VIII.
**ARGUMENT**

A.     ***All statements in Appellant's Brief which are neither supported by or reference the record or legal authority should be struck and/or disregarded.***

In accordance with the Texas Rules of Appellate Procedure, every statement in Appellant's Brief must be accompanied by an appropriate reference to the record or supported by legal authority.  TRAP 38.1(g) & (i).  Appellant has made numerous statements throughout his Appellant's Brief without reference to any portion of the record or legal authority, Appellee respectfully asks this Honorable Court of Appeals to strike and/or disregard each and every unreferenced or unsupported statement in Appellant's Brief.

B.     ***The trial court did not have jurisdiction over Appellant's claims.***

1. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit."  *Sierra,* No. 13-14-00425-CV, 2015 WL 2452707, at *2; *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action.  *Sierra*, No. 13-14-00425-CV, 2015 WL 2452707, at *2; *Miranda,* 133 S.W.3d at 226; *Morris,* 129 S.W.3d at 807.  Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction.  *Sierra*, No. 13-

11

14-00425-CV, 2015 WL 2452707, at *2; *Miranda,* 133 S.W.3d at 226; *Morris,* 129 S.W.3d at 807.

2. Plaintiff's Burden of Pleading Jurisdiction

The plaintiff in the trial court bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Sierra*, No. 13-14-00425-CV, 2015 WL 2452707, at *2; *Ramirez,* 74 S.W.3d at 867; *Morris,* 129 S.W.3d at 807. When a trial court bases its decision concerning a plea to the jurisdiction on the plaintiff's pleadings, the Appellate Court must determine if the plaintiff has met his burden to plead facts sufficient to confer jurisdiction on the court. *Sierra*, No. 13-14-00425-CV, 2015 WL 2452707, at *2; *Whitley,* 104 S.W.3d at 542; *Morris,* 129 S.W.3d at 807.

3. Appellee, DeWitt County District Attorney Michael Sheppard, was entitled to absolute prosecutorial immunity and, as such, the trial court lacked jurisdiction.

It is well established law that in Texas, district attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions. *Charleston*, 194 S.W.3d at 89; *Imbler,* 424 U.S. at 416. "Prosecutorial functions," are those acts representing the government in filing and presenting criminal cases, as well as other acts, that are intimately associated with the judicial process, i.e., asset forfeiture proceedings. *Charleston*, 194 S.W.3d at 89; *Lesher v. Coyel*, 435 S.W.3d 423, 430 (Tex.App.—Dallas 2014, reh'g

12

<u>overruled</u> (July 29, 2014)); *Imbler,* 424 U.S. at 430. **Further, absolute immunity is effective against all claims regardless of whether they are lodged against the individual possessing it in his official or personal capacity.** *Clawson v. Wharton Cnty.,* 941 S.W.2d 267, 273 (Tex.App.—Corpus Christi 1996, writ denied). (emphasis added).

Here, Appellant brought claims in the trial court against Appellee; however, Appellant failed to plead facts which affirmatively demonstrate the trial court's jurisdiction over his claims. C.R. at 6-9. In fact, the facts alleged by Appellant affirmatively negate trial court's jurisdiction. C.R. at 6-9. Appellant, in his petition filed with the trial court, alleges that Appellant committed theft of Appellant's personal property when Appellee (and Appellee's office) initiated asset forfeiture proceedings against Appellant and Appellant's personal property. C.R. at 6-9. The only action of Appellee, which Appellant complains of to the trial court in his petition, involves asset forfeiture proceeding against Appellant's personal property. C.R. 6-9 & 24-30.

Appellee's involvement in the asset forfeiture proceeding is clearly a prosecutorial function of the DeWitt County District Attorney's Office, as it is an action intimately associated with the judicial process. C.R. at 6-9 & 24-30. Article 59 of the Texas Code of Criminal Procedure governs asset forfeiture proceedings. TEX. CRIM. PROC. CODE ANN. § 59.01-.06 (Vernon 2013). Once a peace officer

seizes property that is contraband under chapter 59 of the Code of Criminal Procedure, the "attorney representing the state" must commence a forfeiture proceeding. TEX. CRIM. PROC. CODE ANN. § 59.04(a) (Vernon 2013). The "attorney representing the state" is the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held under chapter 59. TEX. CRIM. PROC. CODE ANN. § 59.01(1) (Vernon 2013). A district attorney has felony jurisdiction in the district courts within his or her district. TEX. CRIM. PROC. CODE ANN. § 2.01 (Vernon 2013). Although this Honorable Court of Appeals has not directly addressed whether asset forfeiture proceeding is a prosecutorial function of a district attorney, the First Court of Appeals in *State v. Seventeen Thousand Two Hundred Seventy Dollars In U.S.*, has explained that when a district attorney initiating asset forfeiture proceedings he/she is preforming a prosecutorial function. *Seventeen Thousand Two Hundred Seventy Dollars In U.S.,* No. 01-99-00213-CV, 2000 WL 124689, at *4.

Since Appellee's initiation of asset forfeiture proceedings is a prosecutorial function of a district attorney, Appellee is entitled to absolute immunity for performing such functions. *Charleston*, 194 S.W.3d at 89; *Imbler,* 424 U.S. at 416. Furthermore, it is well established law that a governmental entity or official has absolute immunity from suit deprives a trial court of subject-matter jurisdiction. *Buchanan*, No. 11-11-00129-CV, 2012 WL 760872, at *2; *Reata Constr. Corp.,*

14

197 S.W.3d at 374; *Miranda*, 133 S.W.3d at 225-226. Therefore, since Appellee is entitled to absolute immunity to Appellant's claims, the Court lacks subject-matter jurisdiction over Appellant's claims and, consequently, Appellant's appeal should be denied.

4. Alternatively, Appellee DeWitt County District Attorney Michael Sheppard is entitled to sovereign/governmental immunity and, as such, the trial court lacked jurisdiction .

*a) Appellant's Theft, Conversion & Fraud Claims*

Appellant's causes of action for theft, conversion and fraud are all tort claims. The only avenue available for Appellant to bring these tort claims against Appellee is under the Texas Tort Claims Act. TEX. CIV. P. & REM. CODE § 101.101 (Vernon's 2013). Since Appellant's claims against Appellee are based on Appellee's conduct within the general scope of his duties as the DeWitt County District Attorney's Office, the claims must be made against him in his *Official Capacity* pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code. TEX. CIV. P. & REM. CODE § 101.106. Section 101.106(f) mandates that the only tort claims Plaintiff can make against District Attorney Sheppard are ones against him in his *Official Capacity* because Appellee the suit was made against Appellee "based on conduct within the general scope of the employees' (Appellee) employment" and the suit "could have been brought under this chapter" against the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Franka v.*

15

*Velasquez*, 332 S.W.3d 367, 370-71 (Tex. 2011). With regard to the second prong, the Texas Supreme Court held in *Franka v. Velasquez* that **any and all tort actions** "could have been brought under" the Tort Claims Act against the governmental entity for purposes of Section 101.106. *Franka,* 332 S.W.3d at 375 (emphasis added). As such, Appellant's tort claims "are considered to be against Appellee in the Appellee's official capacity **only.** *Id.* at 381.

Furthermore, it is well settled law that a suit against a governmental official in his official capacity is actually a claim against the governmental unit—here, DeWitt County. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Monell v. Dept. of Soc. Serv.'s of City of New York,* 436 U.S. 658 (1978)); *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (citation omitted); *Hafer v. Melo,* 502 U.S. 21 (1991); *Sanders v. English,* 950 F.2d 1152, 1158 (5th Cir.1992). DeWitt County is a governmental entity and is, therefore, immune from suits in tort, except as waived by the Legislature in the Texas Tort Claims Act. *Miranda,* 133 S.W.3d at 224-25. The Texas Tort Claims Act, Section 101.025 of the Texas Civil Practice and Remedies Code, provides the following limited waiver of a governmental unit's sovereign/governmental immunity from suit and liability for

> (1) property damage, personal injury, and death from the operation or use of a motor-driven vehicle or motor-driven equipment, if the employee would be personally liable to the claimant; and

> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would,

16

were it a private person, be liable to the claimant. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 and § 101.025(a) (Vernon 2013).

Also, Section 101.021(2) of the Texas Tort Claims Act, allows for suit for personal injury or death caused by the condition or use of tangible personal or real property. *Id*.

Here, in order for Appellant to affirmatively demonstrate the trial court's jurisdiction over his tort claims, he must allege claims within the limited waiver of immunity under the Act. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Dallas County Mental Health & Mental Retardation v. Bossely*, 968 S.W.2d 339, 341 (Tex. 1998); *State v. Kreider*, 44 S.W.3d 258, 262 (Tex.App.—Fort Worth 2001, no pet. h); *Lamar Univ. v. Doe*, 971 S.W.2d 191, 197 (Tex.App.—Beaumont 1998, no pet.); *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex.App.—Dallas 1998, no pet.). However, Appellant fails to assert allegations that fall within any waiver of sovereign/governmental immunity under the Texas Tort Claims Act. C.R. at 6-9. In fact, it is impossible for Appellant to plead such as Appellant's allegations of theft, conversion & fraud fall under the category of intentional torts and the Texas Tort Claims Act specifically does not waive a governmental unit's sovereign/governmental immunity for claims of intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057.

17

As such, Appellee (DeWitt County, Texas) is entitled to sovereign/governmental immunity, including immunity from suit, from whatever tort claims Appellant is attempting to assert. Since Appellee is entitled to immunity, the trial court lacks jurisdiction. Therefore, Appellant has failed to plead a cause of action within the subject matter of the trial court.

### b) *Appellant's RICO Claim*

Appellee's sovereign/governmental immunity has not been waived legislatively for claims brought under the RICO Act. *In re K.G.S.,* No. 14-12-00673-CV, 2014 WL 801127, at *5 (Tex.App.—Houston [14th Dist.] 2014); *Concho Residential Servs., Inc. v. MHMR Servs. for Concho Valley,* No. 03–9800022–CV, 1999 WL 644727, at *6 (Tex.App.—Austin 1999, pet. denied) (mem. op., not designated for publication) (RICO claims failed because appellees were "entitled to sovereign immunity from these claims"); *Chaz Constr., LLC v.Codell,* 137 Fed. Appx. 735, 743 (6th Cir. 2005) (not designated for publication) ("RICO does not arise under §5 of the Fourteenth Amendment," and thus does not fall within Congress's power to waive sovereign immunity); *Weaver v. United States,* 98 F.3d 518, 521 n. 2 (10th Cir. 1996) (RICO statutes did not provide an express waiver of sovereign/governmental immunity). Since the RICO Act does not waive a governmental unit's (or an official of a governmental unit – Appellee),

sovereign immunity, Appellant has failed to plead a cause of action within the subject-matter of the trial court. As such, Appellant's appeal should be denied.

5. Alternatively, Appellant failed to provide adequate notice pursuant to the Texas Tort Claims Act and, as such, the trial court lacked jurisdiction.

To the extent Appellant is able to prove a waiver of immunity to pursue tort claims against Appellee, Appellant's claims are time barred and, as such, the trial court lacks jurisdiction. TEX. CIV. P. & REM. CODE § 101.101. Section 101.101 of the Texas Civil Practice and Remedies Code states

(a) a governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

…

(c) the notice requirements provided, or notified and approved, by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged. TEX. CIV. PRAC. & REM. CODE § 101.101(a) & (c).

Here, Appellant failed to satisfy the "notice" requirement of Section 101.101. It is undisputed that Appellee is the DeWitt County, Texas District Attorney. C.R. 6-9 & 24-30. It is also undisputed that the actions which Appellant complains of are based on Appellee's conduct within the general scope of his

19

duties as the DeWitt County District Attorney's Office, the claims must be made against him in his *Official Capacity*. C.R. 6-9 & 24-30. It is well settled law that a suit against a governmental official in his official capacity is actually a claim against the governmental unit—here, DeWitt County. *Goodman,* 571 F.3d at 395; *Hafer,* 502 U.S. 21; *Sanders,* 950 F.2d at 1158. Thus, Section 101.101 applies. The incident which forms the basis of Appellant's suit occurred on February 20, 2012. C.R. at 6-9. The six-month limitations period for Appellant to give notice of his claim was August 20, 2012. C.R. at 6-9. Appellant failed to send a "notice of claim" letter to DeWitt County, Texas reasonably describing (1) the injury claimed, (2) time and place of incident and (3) the incident. As a result of Appellant's failure to provide Appellee with proper notice, Appellant's tort claims against Appellee are time barred and, as such, the trial court lacks jurisdiction over said tort claims.

**C.    *The trial court did not abuse its discretion in denying Appellant's Motion for Bench Warrant.***

1. Standard of Review

An Appellate Court reviews a trial court's denial of a bench warrant motion for an abuse of discretion. *Jackson v. Neal*, No. 13-07-00164-CV, 2009 Tex.App. LEXIS 370, at *5-6, 2009 WL 140507 (Tex.App.-Corpus Christi, no pet.); *Z.L.T.,* 124 S.W.3d at 165; *Pedraza,* 960 S.W.2d at 342. To determine whether a trial court abused its discretion, this Honorable Court of Appeals must decide whether

the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Jackson,*No. 13-07-00164-CV, 2009 WL 140507, at \*5-6; *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex.1985). Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion. *Downer,* 701 S.W.2d at 241–42.

2. The trial court did not abuse its discretion in denying Plaintiff's Motion for Bench Warrant.

"It is well-established that litigants cannot be denied access to the courts simply because they are inmates." *Z.L.T.,* 124 S.W.3d at 165 (citing *Hudson v. Palmer,* 468 U.S. 517, 524, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Z.L.T.,* 124 S.W.3d at 165*; Jackson*, No. 13-07-00164-CV, 2009 WL 140507, at \*5-6; *Pedraza,* 960 S.W.2d at 342. In fact, this Honorable Court of Appeals has held prisoners have no absolute right to appear personally at civil proceedings. *Pedraza,* 960 S.W.2d at 342; *Nance v. Nance,* 904 S.W.2d 890, 893 (Tex.App.—Corpus Christi 1995, no writ). The Supreme Court has identified the following factors that the trial court should consider when deciding whether to grant a request for a bench warrant:

1. the cost and inconvenience of transporting the prisoner to the courtroom;

21

2. the security risk the prisoner presents to the court and public;

3. whether the prisoner's claims are substantial;

4. whether the matter's resolution can reasonably be delayed until the prisoner's release;

5. whether the prisoner can and will offer admissible, noncumulative testimony that, cannot be effectively presented by affidavit;

6. whether the prisoner's presence is important in judging his demeanor and credibility;

7. whether the trial is to the court or a jury; and

8. the prisoner's probability of success on the merits. *Z.L.T.,* 124 S.W.3d at 165; *Pedraza,* 960 S.W.2d at 342.

The trial court has no responsibility to independently inquire into the applicability of the factors; rather, the inmate has the burden to establish his right to relief. *Z.L.T.,* 124 S.W.3d at 166. If the inmate fails to identify with sufficient specificity the grounds for the ruling he seeks under the factors identified above, the trial court does not abuse its discretion in denying his request. *Z.L.T.,* 124 S.W.3d at 166*; Jackson*, No. 13-07-00164-CV, 2009 WL 140507, at *5-6.

Given that a prisoner (Appellant) has no right to appear in court in a civil case he has initiated, it follows Appellant must justify his personal appearance. *Z.L.T.,* 124 S.W.3d at 166*; Jackson*, No. 13-07-00164-CV, 2009 WL 140507, at *5-6. Appellant offered no such justification. C.R. at 43. His *Motion for Bench Warrant* contains no basis or argument for granting it. C.R. at 43. Because Appellant failed to meet his burden to prove his entitlement to a bench warrant, the

22

trial court did not abuse its discretion in denying Appellant's *Motion for Bench Warrant*. *Pedraza*, 960 S.W.2d at 342.

In addition, the trial court entered an order denying Appellant's *Motion for Bench Warrant* in which it found that there was undue and unnecessary cost and inconvenience associated with transporting Appellant to the courtroom to personally appear at the proceeding, Appellant's claims were not substantial, Appellant would not offer admissible noncumulative testimony that could not have been effectively presented through affidavits, Appellant's presence at hearing was not important in judging Appellant's demeanor and credibility and, lastly, Appellant had no probability of success on the merits of his claims. C.R. at 68-69. The trial court clearly applied the factors set forth by the Supreme Court in determining whether Appellant was entitled to a bench warrant and, upon balancing those factors, the trial court found that Appellant was not entitled to a bench warrant. C.R. 68-69. Since the trial court applied the factors set forth by the Supreme Court, it did not abuse its discretion in denying Appellant a bench warrant.

Therefore, Appellants second issue on appeal should be denied.

## IX.
## <u>**PRAYER**</u>

Appellee respectfully requests this Honorable Court of Appeals to deny the relief requested by Appellant, to affirm the trial court's judgment, and to award Appellee all other relief to which he is justly entitled.

Respectfully submitted by:

By:  /s/ Casey T. Cullen
   Casey T. Cullen
   State Bar No. 24073121
   Ann LaMantia Cullen
   State Bar No. 24078818
   CULLEN, CARSNER, SEERDEN &
   CULLEN, L.L.P.
   119 South Main Street (77901)
   P. O. Box 2938
   Victoria, Texas  77902
   Tel:  (361) 573-6318
   Fax:  (361) 573-2603

   ATTORNEYS FOR APPELLEE
   DEWITT COUNTY DISTRICT
   ATTORNEY MICHAEL SHEPPARD

## X.
## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this Brief complies with the length limitations of Rule 9.4(i) and the typeface requirements of 9.4(e).

1.      Exclusive of the contents excluded by Rule 9.4(i)(1), this Brief contains 4,687 words as counted by the Word Count function of Microsoft Office Word 2010.

2.      This Brief has been prepared in proportionally spaced typeface using:

Software Name and Version: Microsoft Word 2010
Typeface Name: Times New Roman
Font Size: 14 point

/s/ Casey T. Cullen
Casey T. Cullen

## XI.
## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing Brief of Appellee has been forwarded by electronic service through eFile.TXCourts.gov to the undersigned counsel and by U.S. First Class Mail to Appellant Pro Se:

**PRO SE APPELLANT:**
Mr. Timothy Hays
Pro Se
3001 South Emily Drive
Beeville, Texas 78102     *Via U.S. First Class Mail*

**CITY OF YORKTOWN, TEXAS CHIEF OF POLICE PAUL CAMPOS AND CITY OF YORKTOWN, TEXAS POLICE DEPARTMENT SERGEANT ERNESTO GARCIA:**
Charles S. Frigerio
Hector X. Saenz
Law Offices of Charles S. Frigerio, P.C.
Riverview Towers
111 Soledad, Suite 840
San Antonio, TX 78205 *Via Email through eFile.TXCourts.gov*

on the 22nd day of July, 2015.

/s/ Casey T. Cullen
Casey T. Cullen